# SUPREME COURT.

## HOUSE and others agt. COOPER and others.

It has been frequently decided that an action may be maintained for a damage sustained by a stockholder from illegal and fraudulent acts of directors and officers of the company.

Where the complaint claims by stockholders the equitable interposition of the court on behalf of a non-resident or foreign corporation, and against a resident corporation, and against several individuals who it does not appear are residents of this state, and does not state that the plaintiffs are residents of this state, and it does not appear that the cause of action has arisen, or that the subject of the action is situated within this state;

*Held,* that such an action cannot be maintained. For no effectual relief can be given without retaining the foreign corporation as parties, and the allegations are entirely insufficient to meet the requirements of the statute in actions against foreign corporations.

Such a complaint is also defective where it omits to state that the directors of the

House agt. Cooper.

foreign corporation on whose behalf the plaintiffs undertake to sue, refuse to bring any such action.

It is an improper joinder of causes of action to join one for equitable relief against a corporation, with a claim for damages against individual defendants.

*New - York Special Term, April,* 1858.
MOTION to dismiss complaint.

CLERKE, Justice.   This court has frequently decided that an action may be maintained for a damage sustained by a stockholder from illegal and fraudulent acts of directors and officers of a company.   But this action contemplates much more than this.   It claims the equitable interposition of this court on behalf of the Boston and New-York Telegraph Company, incorporated and existing in Massachusetts, against the Commercial Telegraph Company, also incorporated and existing in Massachusetts, against the American Telegraph Company, formed under the laws of this state, and against several individuals, who it does not appear are residents of this state.

So far as the two corporations of Massachusetts are concerned, I cannot perceive how this action can be maintained against them, and if it cannot be maintained against them, I am unable to discover how it can be maintained at all.   For no effectual relief can be given without retaining those corporations as parties in the action.   An action against a foreign corporation can be brought in the courts of this state only, 1st. By a resident of this state, for any cause of action.   2d. By a plaintiff not a resident of this state, when the cause of action has arisen, or the subject of the action is situated within this state.   The complaint does not state that the plaintiffs are residents of this state, to entitle them to maintain an action against a foreign corporation for any cause of action ; and further, it does not appear that the cause of action has arisen, or that the subject of the action is situated within this state.   On the contrary it appears, and is affirmatively alleged, that the cause of action arose in the state of Massachusetts.

The complaint also omits to state, that the directors of the Boston and New-York Telegraph Company, on whose behalf

the plaintiffs undertake to sue, refuse to bring any action to set aside the sale to Keith. Kennedy says, that they *will* not bring any such action. I think it is necessary to show, in order to warrant the interference of individual stockholders, that the constituted representatives of the company whose especial duty it is to vindicate its rights, have been requested to institute proceedings for that purpose, and have refused to do so. The defendants' fourth objection to this complaint, I also consider to be well taken. In this action, which is one for equitable relief, the plaintiffs join a claim for damages against individual defendants. This is an improper joinder of causes of action; the one seeks redress, that can be determined only by a judge presiding at special term; the other can be determined only by a jury at the circuit, except where the parties expressly waive a jury at the time of trial. For this and other reasons, which it would be superfluous to mention, this action cannot be maintained, at least in its present shape. Complaint dismissed with costs, unless the plaintiffs amend their complaint within ten days, and pay the costs of the term.