Van Brunt, P. J.
The ground of the demurrer interposed to the plaintiff’s complaint herein was that several causes of action which were inconsistent with each other *122 and did not effect all the parties defendant had been improperly united.
In consideration of the question raised by this demurrer it will be necessary to consider the allegations of the plaintiff and also the prayer for relief therein contained.
It is urged upon the part of the plaintiff that there is but one cause of action, that it is an equitable action, that it affects all the parties although it may affect them very unequally, and that most of the allegations contained in the complaint are simply a history of the events leading up to the cause of action set out in the complaint.
The complaint alleges the incorporation of the Alabama and Chattenooga Railroad Company; that the company was authorized to issue and did issue mortgage bonds 'in •aid of the construction of the road; that the company made default in the payment of interest on or about the year 1872 and the trustees of the mortgage commenced an action to foreclose such mortgage and receivers of the road were appointed; that these receivers were authorized to issue certificates of indebtedness to the amount of $1,200,000, which were declared to be a first lien on the railroad and its property; that the receivers issued such certificates; that on or about the first of April, 1875, Stanton claimed to be the owner of forty of the certificates known as the Spielman certificates; that at said time Stanton claiming to be the owner sold and delivered to the plaintiff seven of the certificates; that at the time of the sale Stanton represented to the plaintiff that the certificates were duly issued, were regular, that he had good right to sell the same and that they were amply secured; that the purchase of the certificates was made by the plaintiff in good faith without any knowledge or suspicion of any kind of defect therein; that in fact the certificates were not regularly issued; that Stanton had not paid any lawful consideration to the receivers therefor; that they were not valued securities in Stanton’s hands and that his representations in that regard made to the plaintiff were made to induce the plaintiff to take the same and were falsely and fraudulently made with intent to urge and defraud the plaintiff.
The complaint alleges further that under a decree of fore-closure in said foreclosure suit, the road was sold and bought in at the instanbe and for the benefit of Stanton, and that he paid on account $30,000 ; that Stanton sold his bid in March, 1877, to the defendant, John Swann, who agreed to pay said Stanton as part consideration of said purchase $250,000, and to deliver to him 430 first mortgage bonds, of $1,000 each, to be issued by a new company to be formed upon said road, and that with said money and bonds Stanton agreed to pay, settle and discharge all claims of every *123 character held against said road by himself and five other parties named therein ; and that the claim of said Stanton therein embraced, was understood to include the seven certificates sold to the plaintiff; that thereupon a new company was organized under the name of the Alabama and Great Southern Eailroad Company, and Swami transferred to said company all his right and interests acquired by said purchase, and said new company assumed all his obligations incurred therein; that in June, 1877, the said new bonds not having been issued, the defendants Swann and Stanton made a further agreement whereby the number of new bonds to be delivered was reduced from 430 to 285, and the number of claims which Stanton was to satisfy and discharge out of them was reduced to three, being the claims of himself and two other persons, Stanton’s claim still embracing the plaintiff’s certificates ; that Swann afterwards paid to Stanton the said 285 bonds, except 85, and by agreement Swann retained in his hands the 85 bonds, and agreed to pay and deliver the same to Stanton in payment and satisfaction of his claim against said road ; that said Stanton exhibited his claim against the road to be paid out of said bonds, and the same embraced the plaintiff’s certificate, and Swann and the railroad company then well knew that the said certificates were a part of the claim to be paid out of said bonds ; that afterwards in December, 1877, Swann and the company paid over to Stanton 63 out of the 85 bonds, leaving unpaid and unsatisfied the six certificates belonging to the plaintiff among others; that the defendants then well knew that said certificates were out of the hands of Stanton, and that they retained the balance of said bonds until Stanton should be able to obtain and deliver them ; and that said defendants with such knowledge, on the 3d day of May, 1879, wrongfully, and by collusion with Stanton, to defraud the holder of said certificates paid over to him the balance of said bonds, without requiring or taking up said certificates and without Stanton’s producing or being able to produce the same.
The complaint then alleges the value of the bonds, and that by several orders of the court made in the action. Masters were appointed to take proof of the consideration and validity of the several receiver’s certificates which had been issued, including those held by Stanton; that on the hearing before the first of said masters Stanton appeared and proved the Spielman certificates, including the plaintiffs, but the masters report was excepted to, and rejected by the court as to the Spielman, certificates; that new orders of reference were granted in July, 1875, when Stanton again appeared and made proof, and the masters report as to the Spielman certificates was again excepted to and re *124 jected by the court; that three successive orders of reference was subsequently made by the court to masters to-take proof of said certificates, and Stanton was duly notified by the plaintiff and by the master to attend and make-such proof, and had ample opportunity so to do, but colluding with said Swann and the said railroad company to-defraud and injure the plaintiff, said Stanton refused to appear and make such proof, or furnish any evidence of the-regularity and validity of said certificates, at either of said-references, and no such proof was given, and the said certificates have never been allowed by the court; that Stanton subsequently purchased, back from the plaintiff one of said seven certificates, but the six remaining certificates with the coupons thereon remain wholly due and unpaid, and are still held and owned by the plaintiff; that the plaintiff has duly demanded from the said D. N. Stanton, the bonds so-paid to him by said Swann and the said railroad company, or the value thereof, but said Stanton refuses to deliver or pay the same, or any part thereof, and the plaintiff charges that the payment of said bonds to said Stanton by said Swann and the railroad company, was wholly void as against the plaintiff, that the receiving of the same by said Stanton was fraudulent as to the plaintiff, and that said Stanton held, and holds the same in trust for the plaintiff.
And judgment is demanded, first, against each of said defendants, for the full amount of said six certificates, and the coupons attached, to wit, for $6,000 principal, and the principal and interest upon each of said coupons, of eight per cent; semi-annually, from March 1, 1873, according to the terms of said certificates, and the coupons attached thereto.
Second. That the defendant, D. N. Stanton, be adjudged to have received said twenty-two bonds of the Alabama and Great Southern Railroad Company, in trust to satisfy the claims of the plaintiff, and that they belong to the plaintiff, and that he be adjudged to pay the same or the value thereof, to the plaintiff.
It seems to be apparent, taking'the prayer for judgment as the guide to the relief which the plaintiff claims to be entitled to by virtue of the allegations in his complaint, that there is one cause of action affecting all the defendants, and another affecting' Stanton alone. The first-claim for relief is founded upon an allegation of a conspiracy entered into by all the defendants to defraud the plaintiff out of his certificates and damages are claimed against each and all of said defendants. The second ground of relief is based upon a claim against Stanton individually, in which neither of the other defendants have any interest, viz., that Stanton knowing the plaintiff’s right to these certifi *125 cates received the bonds of the railroad company in trust to satisfy the claim of the plaintiff and that he is bound to account to the plaintiff therefor.
The last cause of action seems to be entirely independent of the first. It involves only the defendant Stanton and claims no relief against anybody else, and is entirely consistent with the. absence of all complaint against the defendant Swann and the railroad company.
There are allegations in the complaint which justify these separate demands of relief against Stanton, and it seems to be upon these allegations that this second prayer for relief is founded. The above defendants having no interest in this cause of action, it was error to unite the same with a cause of action in which all of the defendants may have been interested.
The complaint also contains allegations setting up a complete cause of action against Stanton alone upon the ground of fraudulent representations. Allegations are made as to representations made by Stanton to induce the plaintiff to buy these certificates; that Stanton knew that these allegations were false; that they were fraudulently made with intent to injure and defraud the plaintiff, and that the certificates were purchased by the plaintiff from Stanton in full belief of the verity of those allegations. This cause of action is one in which the other defendants have no interest, are not affected thereby, and upon proof of which the plaintiff would have a right to recover against the defendant Stanton and Stanton alone.
Whether there are other causes of action contained in the complaint as claimed by the defendants, it is not material to consider, because it appearing that the causes of action did not affect all the parties to the action, but that some of the defendants have no interest, whatever, in or are not attempted to be affected by some of the causes of action alleged in the complaint, the demurrer, therefore, is well taken. Nichols v. Drew, 94 N. Y., 22. Although it has been strenuously argued upon the part of the plaintiff that but one cause of action is set out in the complaint which affects all the parties, although very unequally, we have been unable to come to that conclusion.
The judgment appealed from must be affirmed, with costs.
Daniels and Beady, JJ., concur.