STANTON *v.* MISSOURI PAC. RY. CO. *et al.*

*(Supreme Court, Special Term, New York County.  October 2, 1888.)*

ACTIONS—JOINDER OF CAUSES.

A complaint in one count alleged an agreement with the M. R. Co., defendant, for the purchase of the property of another company at the sale under foreclosure of a mortgage held by the former, and for the organization of a new company by the stockholders of the old one, of whom plaintiff was one, and to whose rights he had succeeded; that the property was sold to defendant trust company, and a new company was formed principally of directors of the M. R. Co.; that the new company issued stock to the trust company in payment for the property of the old one, and issued a mortgage to defendant trustees, and that its officers, who were defendants, had acted fraudulently, and in the interest of the M. R. Co.; and demanded enforcement of the agreement, and damages for its breach, and an injunction against the officers of the new company from acting as such. *Held,* that a cause of action on the agreement was improperly joined with one for the removal of the officers of the new company; and that neither cause affected all the parties.

On demurrer.  This action is brought by John B. Stanton against the Missouri Pacific Railway Company, the Fort Scott, Wichita & Western Railway Company, the Union Trust Company of New York, Jay Gould, Russell Sage, Amos L. Hopkins, Russell Harding, Joseph H. Richards, and H. C. Hadley, John F. Dillon, and George Gould, as trustees.

Argued before MORGAN and O'BRIEN, JJ.

*Birdseye, Cloyd & Bayliss,* for plaintiff.   *Dillon & Swayne,* for defendants.

O'BRIEN, J.   The defendants the Fort Scott, Wichita & Western Railway Company, (herein called for convenience the Fort Scott Company,) Russell Sage, Amos L. Hopkins, and Jay Gould join in the demurrer to the complaint in this action.   The defendants John F. Dillon and Jay Gould, as trustees, and George J. Gould, individually, join in the demurrer to the complaint. These demurrers are substantially identical in form and language.  The grounds of the demurrer are:   *First,* that the causes of action have been improperly united in the complaint; *second,* that the complaint upon the face thereof, does not state facts sufficient to constitute a cause of action against the defendants demurring.

As to the first ground of demurrer, that causes of action have been improperly joined, it is claimed that the complaint contains the following alleged causes of action, namely:   (*a*) For the specific performance of a contract alleged to have been made by the Missouri Pacific Railway Company; (*b*) for damages from such railway company for breach of said contract; (*c*) the cancellation of a mortgage made by defendant the Fort Scott, Wichita & Western Railway Company to Gould and Dillon as trustees; (*d*) for removal of all the officers and directors of the Fort Scott, Wichita & Western Railway Company, or for restraining them from acting as such officers and directors; (*e*) for damages from all of the directors of said Fort Scott, Wichita & Western Railway Company, for alleged mismanagement and misdirection of its affairs and revenues.   If several causes of action, as enumerated, are set forth in one complaint, it would seemingly require little argument to demonstrate under our system of pleading that the demurrers should be sustained, as they are neither homogeneous, nor does each affect all the defendants.   It is contended, however, that the complaint sets forth but a single cause of action, consisting of many elements, and based upon many transactions, all parts of a single scheme to injure the plaintiff; and that the facts alleged showing the right to the several grounds of relief demanded are all part of the same transaction or transactions, connected with the same subject of action, and, taken together, amount only to a specific performance of the agreement sued upon.   It is also suggested that, as the complaint contains but one count, it cannot be said to embrace several causes of action.   The case of *Goldberg* v. *Utley,* 60 N. Y. 427, and *Wiles* v. *Suydam,* 64 N. Y. 173, are authorities for the position that "if

the complaint contains several causes of action, and they are improperly united, the omission to state the causes of action in separate counts, properly numbered, does not deprive the defendant of the right to demur."

To determine the different contentions presented, a reference to the complaint itself is necessary. This, in substance, shows that the plaintiff was a stockholder of the St. Louis, Fort Scott & Wichita Railway Company. The Missouri Pacific Railway Company was the holder of the first and second mortgage income bonds of that railroad company. The St. Louis, Fort Scott & Wichita Railroad Company (hereafter called for convenience the St. Louis Company) had defaulted on both of its mortgages, and a foreclosure suit upon both mortgages had proceeded to final decree. The plaintiff, with two others, constituting a committee of the stockholders of the St. Louis Railroad Company, entered into an agreement with the Missouri Pacific Company, whereby the latter undertook to purchase, or cause to be purchased, at foreclosure sale, the property of the St. Louis Company, and that a new company should be organized, which should issue an amount of first mortgage and income bonds corresponding to the like issues of the foreclosed company, and also capital stock corresponding in amount to the issue of the old company; the bonds of the new company to be delivered to the holders of the old bonds, and the stock of the new company to be delivered to the stockholders in the old company upon a contribution by them of $10 per share, and that stock of the new company remaining over by reason of the failure, etc., of the stockholders of the St. Louis Company to deposit their stock with the Mercantile Trust Company on or before July 1, 1888, and pay the contribution of $10 per share whenever called upon by the trust company to do so, on 30 days' advertisement, should be distributed ratably to those entitled to new stock. The foreclosure proceedings were carried to sale, and the property was bid in by the Union Trust Company, trustee of the first mortgage. Subsequently, and in the month of July, the charter of the Fort Scott & Wichita Railroad Company (hereafter called for convenience the Fort Scott Company) was filed in the office of the secretary of state of the state of Kansas. Four out of seven of the incorporators signing the charter were directors of the Missouri Pacific Railroad Company. None of the directors of the new company had deposited any stock with the Mercantile Trust Company under the agreement of May 10th. The Mercantile Trust Company never advertised for payment of the assessment of $10 per share on St. Louis Company's stock, (it is not alleged that the Trust Company was ever called upon to advertise.) The plaintiff has tendered $10 per share on his stock to the Union Trust Company, the Mercantile Trust Company, the Missouri Pacific Company, and the new Fort Scott Company, and has demanded the delivery to him of the stock of the Fort Scott Company, to which he alleges himself entitled under the agreement of May 10th, but these parties have omitted and refused to deliver such new stock to him. The new company issued its bonds, secured by a first mortgage, to the amount of $4,666,-000, and its second mortgage income obligation for $1,000,000, and 70,000 shares ($7,000,000) of its capital stock, to the Union Trust Company, in payment for the property of the old St. Louis Company, acquired by it in purchase from the Union Trust Company. The income bond for $1,000,000 was secured by an income and second mortgage to the defendants Dillon and Gould, as trustees. The stock issued to the Union Trust Company is alleged to be still in its possession. It is alleged that the directors of the Fort Scott Company, or those controlling the company, fraudulently and collusively managed its property in the interest of the Missouri Pacific Company, and so as to bring about, at an early date, the foreclosure of its two mortgages; and it is also alleged that the failure of the Missouri Pacific Company to carry out the agreement of May 10th has resulted in loss and damage to the plaintiff; and that the acts of the directors of the Fort Scott Company in pretending to organize it, and in the issue of its securities, have been fraudulent and collusive, and

have depreciated the stock of the new company; and that the rights of the plaintiff, under his agreement of May 10th with the Missouri Pacific Company, have been violated. Plaintiff asks judgment: *First*, that the defendants account for all the shares of the Fort Scott Company's stock; *second*, that the capital stock of the Fort Scott Company be limited to the amount of the capital stock of the St. Louis Company; *third*, that the Union Trust Company be adjudged to be the trustee of the stock of the Fort Scott Company, held by it, for the benefit of those who became parties to the agreement of May 10th, by depositing their stock in the St. Louis Company with the Mercantile Trust Company; *fourth*, that it be adjudged that only the plaintiff and others who deposited such stock under the agreement of May 10th are entitled to and may recover the stock of the new Fort Scott Company; *fifth*, that it be declared that Jay Gould, George J. Gould, Russell Sage, Amos L. Hopkins, Joseph H. Richards, Russell Harding, and H. C. Hadley are not entitled to any benefits of the plan of reorganization, nor to any part of the capital stock of the Fort Scott Company, nor to act as members or directors or officers thereof, and that they may be enjoined and restrained from dealing with any part of the capital stock of said Fort Scott Company, and from acting as directors, officers, or managers thereof; *sixth*, that it be adjudged that the $10 per share, payable on the St. Louis Company's stock, be paid into the treasury of the new Fort Scott Company; *seventh*, that the income and second mortgage of the Fort Scott Company be canceled; *eighth*, that the bond for $1,000,000 of the Fort Scott Company be reformed; *ninth*, that the Missouri Pacific account for the earnings of the Fort Scott Company, and that a receiver of all gains and profits diverted to the Missouri Pacific Company be appointed; *tenth*, that the plaintiff may have damages from the Missouri Pacific for its default in performance of the agreement of May 10th; *eleventh*, that the plaintiff may recover damages from the individual defendants.

The entire scope of this complaint, it is contended, is to procure what will in substance amount to a specific performance of the contract of May 10, 1887, made by the Missouri Pacific Railway Company. That all the specific relief claimed by plaintiff, by way of damages against the Missouri Pacific Railway Company, or for the cancellation of the unwarranted mortgage given for the income bond to Dillon and George J. Gould, and for the removal or enjoining of the officers of the organized road who have no stock in the company, and who have never paid, or become liable to pay, anything for the capital stock thereof, or for damages against the unauthorized directors for the mismanagement and misdirection of the revenues and affairs of the company while in possession,—that all these are but parts of the relief essential to give to the plaintiff, and those in the same position with him, the rights which they would have had, had they been permitted to reorganize the road on or after July 2, 1887, before which day the defendants Gould, Sage, and the others had commenced the unwarranted and unauthorized reorganization alleged in the complaint. There is no doubt that it was clearly competent to state a cause of action in the same complaint against the Missouri Railway Company for specific performance of its agreement on May 10th, and for damages for breaches of that agreement, as are alleged. In addition, however, the complaint contains clear and distinct causes of action against the directors of the Fort Scott Railway Company to disfranchise and depose them from office, and for damages for their malfeasance, whereby the earnings and revenues of that company have been diverted to the Missouri Pacific. It is difficult to see what interdependence there is between these causes of action. They cannot be said to relate to the same transaction or transactions connected with the same subject of action. The cause of action upon contract against the Missouri Pacific is a cause of action in the plaintiff's own right. The causes of action against the directors of the Fort Scott Company are those which the plaintiff acquires derivatively, and can enforce only in the right of the corpora-

tion, and as a stockholder (or as one claiming in equity to be regarded as a stockholder) seeking relief and redress in behalf of his corporation, which he alleges to be under the dominion of wrong-doers.

As has been well stated in the argument, there is nothing in the organization of the Fort Scott Company which relieves an action against its directors for mismanagement, diversion of revenues, etc., from the incidents and characteristics of such an action. For wrongs to this corporation committed by its officers, redress belongs to the corporation itself, in the first instance, as would be the case with any other corporation subjected to like wrongs. And such a cause of action in favor of stockholders is derivative from the corporation, and accrues to the stockholder only upon the refusal of the corporation to act. The mismanagement and malfeasance of the directors, alleged in the complaint, have no relation to the organization of the company, but are wrongs subsequent to, and entirely disconnected from, the organization. Until the plaintiff has recovered upon his contract with the Missouri Pacific the shares of stock to which he alleges himself to be entitled under that contract, he has no legal *status* whatever to enforce in the name of the Fort Scott, Wichita & Western Railway Company, or in its behalf, any claim which it may have against its officers for malfeasance in office. The stock of the Fort Scott Company is in the hands of the trustees of the Missouri Pacific, and therefore within reach of any recovery which the plaintiff may have as against the Missouri Pacific. But until he has acquired this stock, his rights are those of contract with the Missouri Pacific alone, and he has no relation to a claim upon the Fort Scott, or, through it, any demand upon the directors. The Fort Scott Company had no part in, and has no concern with, the agreement between the plaintiff and the Missouri Pacific Company. It was not in existence at the time the agreement was made. There is no allegation that it has ever ratified or become a party to the agreement. It is at entire liberty to disregard it. The promotion by the Missouri Pacific of the organization of the Fort Scott Company in no way affects the absolute independence of the company. "A corporation is not responsible for acts performed or contracts entered into before it came into existence by promoters or other persons assuming to bind the company in advance." 1 Mor. Priv. Corp. § 547, and cases cited. Such contracts only bind the individual who makes them. *Munson* v. *Railroad Co.*, 103 N. Y. 58, 8 N. E. Rep. 355.

Taking into consideration the allegations of the complaint, and the relief asked, it is evident that two separate and distinct causes of action are pleaded; and, even if they had been brought against the same defendant, it is doubtful if they could be united in the same complaint. In *Paulsen* v. *Steenbergh*, where two causes of action were pleaded,—one against the defendant as an individual, and one against him as president of the company,—the court in that case said: "The plaintiff disclaims any intention to allege but one cause of action; but the relief asked for shows that the pleader had in his mind two claims,— one in the plaintiff's favor against the defendant, and the other in favor of the corporation against the defendant in his official capacity. The causes of action are improperly joined, and the objection is properly taken by demurrer." 65 How. Pr. 342. It has also been held to be an improper joinder of causes of action for equitable relief against a corporation, with a claim for damages against individual defendants. *House* v. *Cooper*, 16 How. Pr. 292. Another argument against uniting these causes of action is that the one against the Missouri Pacific is upon contract, while that against the directors of the Fort Scott Company is in tort. Actions in contract and tort may not be united in the same complaint. *Compton* v. *Hughes*, 38 Hun, 380; *Nichols* v. *Drew*, 94 N. Y. 22. It is unnecessary, in view of the foregoing, to analyze the complaint for the purpose of determining whether causes other than those mentioned are set forth in the complaint, and improperly united. A single instance of two misjoined causes of action is suf-

ficient to overthrow the complaint, no matter how many causes of action properly or improperly joined the complaint may contain. The foundation of plaintiff's causes of action was the agreement made with the Missouri Pacific; and, excepting the trust company holding the stock, which is the subject of the agreement, it is difficult to see upon what theory the other defendants are necessary parties, or how causes of action as against them can be united in the same complaint. In this connection it must be remembered that the plaintiff proceeds against the Fort Scott Company, which was an entire stranger to the contract sued upon, and proceeds against the other defendants, demurring by reason of their relation to, or their connection with, the Fort Scott Company. If any doubt existed as to whether or not several causes of action were alleged, it would be removed by the prayer of the complaint, demanding, as it does, specific relief against each of the defendants, arising out of the facts pleaded. The plaintiff claims nothing against the individual defendants by reason of their connection with the Missouri Pacific Company; the demand against them being solely in their capacity as officers of the Fort Scott road. Nor do I think it can be claimed that the causes of action arose out of the same transaction or transactions connected with the same subject of action, so as to entitle them to be included in the same complaint. But even if these, for the sake of argument, were admitted to be so, the Code provides that, in order that such causes of action should be united, it must appear on the face of the complaint that they are consistent with each other, and that they affect all the parties to the action. When, however, we consider causes of action, united, it will require but a brief examination of the complaint to demonstrate that the cause of action against the Missouri Pacific does not affect all the defendants; nor are the defendants Dillon and Gould, as trustees of the Fort Scott Company, affected by the cause of action against the directors of that company; nor is the Union Trust Company affected by any cause of action arising out of the alleged maladministration. As was stated, therefore, by the learned justice delivering the opinion of the court in *Church* v. *Stanton*, 9 N. Y. St. Rep. 121: "It appearing that the causes of action did not affect all the parties to the action, but that some of the defendants had no interest whatever in, or are not attempted to be affected by, some of the causes of action alleged in the complaint, the demurrer, therefore, is well taken." *Nichols* v. *Drew*, 94 N. Y. 22. For the reasons stated, therefore, I see no escape from the conclusion that the demurrers must be sustained.