CORCORAN et al. v. MANNERING.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

JOINDER OF ACTIONS—CONTRACT AND TORT.
　　An action for injury to real property, though in the nature of a tort, and an action for rent of such real estate, may be united in a complaint, as they are within the provision of Code Civ. Proc. § 484, permitting the union of transactions connected with the same subject.

Appeal from special term, Kings county.

Action by Patrick J. Corcoran and another, as executors and trustees under the will of Samuel Branaugh, deceased, against David Mannering, for injury to real property, and on an assignment of rent. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Daniel Nemirs, for appellant.
C. S. Mereness, for respondents.

HATCH, J. The complaint alleges, so far as is essential to the disposition of the questions presented by this appeal, that the plaintiffs are the executors and trustees of the estate of Samuel Branaugh, who was the devisee of certain real property under the will of Ellen Mannering, subject to a life estate therein of her husband, the defendant in this action; that defendant has been in the possession and enjoyment of said property, has occupied a portion, alleged to be worth about $300 per annum, and has received rents from the remainder in amount of $1,400 per annum; that defendant has suffered the water rates and taxes upon the property to accumulate and remain unpaid for the past eight or nine years; and that the same now amount to about the sum of $1,600. For a second cause of action, it is alleged that, upon proceedings to probate the said will, costs and expenses were incurred in amount to the sum of $1,770.10, which sum plaintiffs' testator advanced to the defendant at his re-

quest, and, on account thereof, defendant executed and delivered to said testator an assignment and transfer of sufficient of the rents and proceeds of the said property to pay the interest annually upon the said sum so advanced; that no part of the money thus advanced has been paid, and interest is now due upon said sum from the 13th day of February, 1883. Plaintiffs demand judgment, that a receiver be appointed to collect the rents, and apply the same in discharge of the water rates and taxes, and in discharge of the said claim for interest, and for other relief.

The demurrer interposed is based upon the ground that causes of action have been improperly united in the complaint. This is the only ground now urged for our consideration. Appellant insists that the first cause of action alleged is for an injury to real property in the nature of a tort, and the second an action upon contract. Assuming this to be so, the appellant overlooks the fact that the action is in equity, and that both claims relate to the same subject, —i. e. the real property,—and that the main relief sought is the application of the rents produced therefrom in discharge of claims chargeable thereon. We think they are properly described as transactions connected with the same subject of the action, and, as such, are brought within section 484 of the Code of Civil Procedure, as causes of action in which a union is permitted. Lattin v. McCarty, 41 N. Y. 107; Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024; Shepard v. Railroad Co., 117 N. Y. 442, 23 N. E. 30; Mahler v. Schmidt, 43 Hun, 512. The cases relied upon by appellant, of which Keep v. Kaufman, 56 N. Y. 332, and Wiles v. Suydam, 64 N. Y. 173, are illustrations, were actions at law for damages, where independent causes were attempted to be united. The rule is plain, and the distinction between the cases clear.

It follows that the judgment appealed from should be affirmed, with costs, with leave to defendant to answer upon payment of costs. All concur.