HARRIS v. ELLIOTT et al.

(Supreme Court, Appellate Division, First Department.    June 11, 1897.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS AGAINST ATTORNEY.
    Plaintiff sued defendants for a determination of rights to a fund which
    he had received as trustee for defendants in payment of certain claims
    held by them in a matter in which plaintiff was their attorney.    Pending
    the action the parties entered into a stipulation for a division of the fund
    among defendants.    Plaintiff paid part of the agreed share of defendants
    E. and R., and claimed that he was entitled to the balance for professional
    services rendered by him.    Held; that a summary application to compel

plaintiff to pay over such balance would not lie, since the matter involved only contract relations, and not the relation of attorney and client.

### Appeal from special term, New York county.

Action by Richard Duncan Harris against George Elliott and others for a determination as to claims to a fund in plaintiff's hands. Plaintiff had been the attorney of defendants with respect to certain claims held by them, amounting to about $10,000, and in payment of such claims a mortgage had been assigned to plaintiff as trustee for defendants for said amount, which constituted the fund in question. After the cause was at issue a stipulation was entered into by the parties for the settlement of the action, by paying $8,077.96 of the fund to defendants Elliott and defendants Riggs & Co., and the balance to the other defendants. Plaintiff paid to the Elliotts and Riggs & Co. $5,000, but refused to pay them the balance, on the ground that they were indebted to him for professional services. Thereupon defendants moved for an order directing plaintiff to pay over the balance of the fund. The motion was denied, and said defendants Elliott and Riggs & Co., appeal. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Lucius H. Beers, for appellants.

Albert Stickney, for respondent.

PER CURIAM. This is simply an application to the court to enforce, summarily, compliance by the plaintiff with the unperformed part of a stipulation, entitled and made in this action between the parties thereto, and providing for a settlement and compromise of the matters in controversy between them. The plaintiff agreed to pay to the moving party $8,077.96, and in so doing was to be entitled to have the action discontinued, or a decree entered, without costs. He has paid $5,000 on account of this settlement and adjustment, but refuses to pay the balance, alleging that he is entitled to certain offsets or counter demands against it. Concerning the merits of his claim in that regard we have now nothing to say. It is plain that he cannot be proceeded against on the stipulation as an independent basis for summary action by the court to compel him to complete its terms, with the consequence of being adjudged in contempt for not doing so. This is not in any respect a proceeding against an attorney as such. All the relations existing between him and the moving parties are contract relations. He brought his suit to have them defined and adjusted. The moving parties have seen fit to treat with him in that action, have recognized it, and agreed to settle and compromise it, and that compromise has been carried out in part. The moving parties have a full remedy. Either the suit can proceed, and they may secure their rights by judgment, or an action lies on the stipulation.

The order must be affirmed, with $10 costs and disbursements.