HARRIS v. ELLIOTT et al.

(Supreme Court, Appellate Division, First Department. February 25, 1898.)

MOTION—SECOND APPLICATION—DENIAL.

In an action where it had already been decided by the court that an application by defendants, pending the action, would not lie to summarily compel plaintiff to pay to them certain moneys according to the terms of a stipulation between the parties, and that their remedy was either to proceed with the pending suit or sue on the stipulation, *held*, upon a new motion differing from the first only in asking that the money be paid into court, instead of to defendants directly, that the relief sought was substantially the same, and that the motion was properly denied.

Appeal from special term.

Action by Richard D. Harris against George Elliott and others. From an order denying a motion to compel plaintiff to pay money into court, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Lucius H. Beers, for appellants.
Otto C. Wierum, Jr., for respondent.

PER CURIAM. Upon a former application, the defendants sought to obtain a summary direction to the plaintiff to pay them the sums of money, and endeavored to enforce such direction by proceeding against the plaintiff for a contempt. In affirming the order denying the motion, this court held (Harris v. Elliott, 19 App. Div. 60, 45 N. Y. Supp. 916) that the defendants' remedy was either to proceed in the pending suit or bring an action on the stipulation. The only difference between the present and the former motion is that in this, instead of asking payment directly to them, they ask that the same sums be paid into court. Such a difference is not, however, one of substance, as they are asking here for substantially the same relief, namely, upon a motion, to secure the payment by the plaintiff of the money in a summary way. We think the defendants are concluded by our decision on the previous application; and, though some misapprehension was created in the mind of the learned judge below in disposing of the application, as shown by his opinion, we think the conclusion reached by him was right.

The order appealed from should be affirmed, with $10 costs and disbursements.