HARRIS v. ELLIOTT .et al.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

1. ACTION—MISJOINDER OF CAUSES.

In an action brought by a trust mortgagee against the mortgagor, and certain persons for whose security the mortgage had been given, and a third party, the complaint alleged the trust, and the receipt by plaintiff of the amount secured, and claimed a lien upon the balance that should remain after paying the specified precedent claims, and sought a judgment fixing the amount of these primary claims, and adjudging his lien, subject thereto. After the action was at issue, and a settlement had been reached by separate agreements with each defendant, plaintiff was permitted to serve a supplemental complaint setting up several claims in his favor against the respective parties who had the prior claims, for services rendered by him to them, respectively, and asked that such amounts might be set off against what he was bound to pay them under the agreements, and that he might have judgment for the remainder. *Held*, upon demurrer on the ground of misjoinder of causes of action, that in view of the restricted nature of his original demand, and the fact that his new claims, not constituting liens nor connected with the trust, were against the respective defendants separately, there was no common point of litigation, and no connected interest, and so the demurrer was properly interposed.

2. PLEADING—SUPPLEMENTAL COMPLAINT—DEMURRER.

A supplemental complaint which is merely additional to the original complaint is not a substitute therefor, but both stand as one pleading; and, if the later pleading introduces causes of action not proper to be joined, the two pleadings may be demurred to together on that ground.

3. SAME.

In such a case a demurrer "to the amended supplemental complaint" is to be taken as a demurrer to the original and the supplemental complaint.

4. PARTIES—JOINDER AS DEFENDANTS.

To permit the joining of several defendants where a money judgment only is asked for, it is necessary, under Code Civ. Proc. § 484, that each defendant should have an interest either in the subject of the action, or in a fund out of which the money judgment must, as a result of the action, be derived.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Richard D. Harris against George Elliott and another, executors of John Elliott and E. Francis Riggs. From a judgment sustaining a demurrer to complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Otto C. Wierum, Jr., for appellant.
Lucius H. Beers, for respondents.

RUMSEY, J. This action was brought in the month of November, 1895. The parties to the original action were the executors of John Elliott, the members of the firm of Riggs & Co., the administrator of the estate of Charles A. De Chambrun, and the administra-

trix of the estate of Thomas M. Wheeler. The complaint alleged that there had been assigned to the plaintiff by Thomas M. Wheeler a mortgage to secure the sum of $10,875, which the plaintiff held as trustee for the benefit of John Elliott in a certain sum, and for the benefit of Riggs & Co. in another sum, and upon the collection of the mortgage, or upon the payment of those sums, he would reassign the mortgage to Wheeler. The plaintiff alleged in his complaint that De Chambrun had agreed to pay the plaintiff $2,500 for certain services, and De Chambrun and Wheeler had agreed to pay him $1,956 for certain other services, and that he was entitled to a lien upon the money collected upon said mortgage, after the payments of the amounts due to Elliott and Riggs & Co., to secure the payment of the two sums owing to him from De Chambrun. He alleged that the amount of the mortgage had been paid to him, and he brought the action to obtain a judgment fixing the amounts owing to Riggs & Co. and to Elliott, and to Wheeler, as the owner of the mortgage, and asking that he should be adjudged to have a lien upon the remainder of the proceeds of the mortgage to secure the payment to him of the said sums of $2,500 and $1,956; but it was conceded in the complaint that such lien was subject to the prior lien of Riggs & Co. and Elliott, and the relief asked was that it be so declared. It is important that this fact should be borne in mind, because the plaintiff did not bring the original action to assert any claim upon the proceeds of the mortgage which belonged to Elliott or to Riggs & Co., but he expressly stated that whatever claim he might have had to a remainder of the proceeds of the mortgage was subject to the prior rights of Elliott and of Riggs & Co. After the action had been brought and was at issue, and on the 14th of December, 1896, it was settled by contract, by which the plaintiff agreed to pay the sum of $8,077.96 on the 15th of January, 1897, in full settlement of the amounts claimed by Elliott and Riggs & Co.; to pay to De Chambrun the sum of $1,164.40, and to the administratrix of Wheeler the sum of $1,170.20; and it was agreed that upon the making of those payments an order of discontinuance should be entered. After that agreement had been made, and a portion of the money had been paid under it, the plaintiff applied for leave to serve a supplemental complaint, which was granted, and thereupon he served upon the defendants a complaint setting up this agreement for a settlement; that he had paid to Elliott and Riggs & Co. the sum of $5,000, and to De Chambrun the full amount agreed to be paid to him. The plaintiff then set up that the executors of Elliott were indebted to him in the sum of $5,700 for services which he rendered to John Elliott, their testator, and to the defendants as executors in a certain action. He also set up that the firm of Riggs & Co. was indebted to him in a certain other sum for services rendered to them as attorney at law, which were more particularly set out. He also set up that the defendant Walker, as administratrix of Wheeler, was indebted to him in the sum of $1,141 for promissory notes given by Wheeler to him, and which he then held. The judgment he asked in his supplemental complaint was that the action had been compromised, and

that the amount due to him from the executors of Elliott and from Riggs & Co., and from Walker as administratrix of Wheeler, be fixed and ascertained, and whatever was due to them by reason of the agreement for a settlement be applied upon those amounts, and that he have judgment for the remainder. To the complaint as thus changed the executors of Elliott and Riggs & Co. demurred separately; and upon the trial of the issue of law thus raised the demurrer was sustained, and judgment ordered for those defendants. From that judgment this appeal is taken.

The supplemental complaint is not a substitute for the original complaint, but both stand as one pleading. Lovatt v. Watson, 35 Hun, 553, 555. The two papers are read together, and the demurrer is taken to both. It is "to the amended supplemental complaint." It will be noticed that in the original complaint the plaintiff claimed no lien upon that portion of the mortgage which was to be paid to Elliott or to Riggs & Co., but expressly asked that any claim which he had should be subject to their prior rights. Therefore, as against them, he had no right to insist that whatever sum was coming to them out of the mortgage should be made subject to any debt which they owed him; nor does he in the supplemental complaint allege any lien upon the portion of the fund belonging to them, nor does he set up any facts out of which a lien can arise. He says he performed certain services for Elliott, as attorney, by reason of which his executors became indebted to him in the sum of $5,700; but these services were not rendered in the matter of his trusteeship of this mortgage, and, so far as appears, they had no relation whatever to the mortgage. So, with regard to Riggs & Co., he alleges that they owed him $2,500 for professional services; but it is evident from the dates of those services that they were not performed by him in any matter connected with the trusteeship, but whatever debt there was from Riggs & Co. accrued as early as 1886, which was a long time before the mortgage was transferred to the plaintiff. The claim set up in this complaint against Elliott constitutes simply a cause of action for services rendered to him, for which he alone is liable, and it has no connection whatever with the debt due from the plaintiff; and Riggs & Co. and the administratrix of Wheeler have nothing whatever to do with it. So the claim against Riggs & Co. is simply a legal cause of action against them for services not rendered in connection with this trusteeship, and out of which no lien whatever upon this debt arises. It is purely an effort to unite in one cause of action a legal claim against Riggs & Co. with another against Elliott, and with a third against the administratrix of Wheeler. Section 484 of the Code of Civil Procedure authorizes the uniting in the same complaint of several causes of action upon contract, but it expressly requires that those causes of action should affect all the parties to the action. It is not meant by this that the same judgment should be asked for against each defendant, but, to permit the joining of several defendants where a money judgment only is asked for, it is necessary that each defendant should have an interest either in the subject of the action, or in a fund out of which the money judg-

ment must, as a result of the action, be derived. But whenever it appears that one defendant has no interest whatever in the result of the action, so far as any other defendant is concerned, and that there is no common fund, in regard to which the rights of the defendants are to be adjudged, he cannot be joined with the other defendants.

It clearly appears in this case that Riggs & Co. have no interest whatever in any judgment that is asked against the executors of Elliott, nor have the executors of Elliott any interest whatever in the judgment asked against Riggs & Co. It is quite true that the plaintiff owes to Elliott and to Riggs & Co. a certain sum of money, and, if he had been sued by Elliott for that sum of money, he could undoubtedly set up as a counterclaim these legal services. So, if he had been sued by Riggs & Co. for the sum of money, he could set up as a counterclaim the legal services rendered to them; but that would not be because he had a lien upon any fund in his hands which was due to these people, but simply an assertion of the right of counterclaim which every person has when a claim is made against him. The complaint is sought to be sustained because the plaintiff asks for an adjudication as to the rights of several persons to a fund which is in his hands. But there is no fund in his hands, as appears by the supplemental complaint. The money which constituted the fund has been paid to him, and he has, by express contract, agreed how it shall be divided among those persons who are entitled to it; and, as the result of that agreement, there is no longer a fund, but the plaintiff is bound by contract to pay a fixed amount to each of several persons. We have already held in this case that the remedy of these several defendants was only by an action at law, upon the stipulation which appears in this supplemental complaint, to recover the amount which the plaintiff by that stipulation agreed to pay to them. Harris v. Elliott, 19 App. Div. 60, 45 N. Y. Supp. 916. The agreement of plaintiff to pay is made separately with separate defendants, and no joint action will lie by all (Hess v. Nellis, 1 Thomp. & C. 118), but each must sue separately. In that action Harris could set up, as against the claim of each plaintiff, the counterclaim which he has alleged in this complaint. This counterclaim would constitute a separate defense to each defendant, in which no other defendant would be at all interested. The test to determine whether two parties can be joined as defendants is whether they have one connected interest, centering in the point in issue, or one common point of litigation. Mahler v. Schmidt, 43 Hun, 512; Corcoran v. Mannering, 10 App. Div. 516, 41 N. Y. Supp. 1090. It is quite evident here that there is no common point of litigation, and no connected interest. The plaintiff's claim against each of these defendants is entirely separate from the claim against any other, and he makes no assertion or allegation, as to Riggs & Co. or Elliott, that he has any lien, either upon the fund, or upon the money which he has agreed to pay them by his stipulation. For that reason he cannot join them as defendants in this action, upon the facts set out in this complaint, and the demurrer was properly interposed

upon the ground of the misjoinder of causes of action.    Nichols v.
Drew, 94 N. Y. 22.

Judgment affirmed, with costs.    All concur, except INGRAHAM,
J., dissenting.

INGRAHAM, J.    This action, as originally commenced, was in
the nature of a bill of interpleader; by which the plaintiff sought to
have the court determine to whom a fund in his hands belonged.
The defendants answered the complaint in that action, and subse-
quently plaintiff asked leave to serve a supplemental complaint.
This supplemental complaint alleged facts that happened subse-
quently to the commencement of the action, and alleged an agree-
ment in writing between the parties to the action subsequently to
the joinder of issue, and the acts of the plaintiff and the defendants
in pursuance of such stipulation or agreement.    No cause of action
different from that alleged in the complaint was sought to be in-
jected into the action.    The action after the service of the supple-
mental complaint was still to determine to whom this fund in the
hands of the plaintiff belonged, and the cause of action was still the
same.    Upon the facts alleged in the complaint, the plaintiff re-
quested a judgment which would make a different disposition of the
fund than that justified by the facts alleged in the original com-
plaint, but the cause of action still was for an adjudication as to
the ownership of a fund which by the original complaint—not by
the supplemental complaint—was alleged to be in the hands of the
plaintiff.    Subsequently to the service of this supplemental com-
plaint the defendants demurred to the amended and supplemental
complaint "on the ground that several causes of action have been
improperly united therein."    There was no "amended and supple-
mental complaint" served.    There was an original complaint and a
supplemental complaint.    If this demurrer was sought to apply to
the original complaint, as supplemented by the facts alleged in the
supplemental complaint, it should have been so stated.    The right
to demur to the original complaint had been lost by service of the
answer to it; and the service of this supplemental complaint simply
alleged facts which the plaintiff would seek to prove upon the trial,
supplementing the facts alleged in the original complaint, and which,
in such an action as this, would affect, not the cause of action, but
the special relief that a court of equity would give under the circum-
stances.    As to the right to demur to a supplemental complaint
standing alone, I know of no provision of the Code or principle of
practice which allows one to be interposed.    Demurrers are regu-
lated by article 2 of title 1 of chapter 6 of the Code.    Title 1 of that
chapter relates to the complaint, and the complaint there referred
to is the original complaint upon which a recovery is sought.    Sec-
tion 481 of the Code prescribes what the complaint must contain;
article 2 relates to demurrers; section 487 of the Code provides that
the only pleading on the part of the defendant is either a demurrer
or answer; and by section 488 it is provided that the defendant
may demur to the complaint where one or more "of the following ob-

jections thereto appear upon the face thereof." This article will be searched in vain for any provision which either authorizes or recognizes a demurrer to a supplemental pleading. The only provision of the Code which relates to supplemental pleadings is section 544. There it is provided that, upon the application of either party, he will be permitted to make a supplemental complaint, answer, or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. The section then provides that the party may apply for leave to make a supplemental pleading, "either in addition to, or in place of, the former pleading." The supplemental complaint served in this action was made, not in place of, but in addition to, the former complaint; and thus both complaint and supplemental complaint stood together as alleging the facts upon which the plaintiff claimed to be entitled to judgment which he demanded. It is unnecessary to determine whether or not a party would have a right to demur to a supplemental pleading which had been allowed by the court in place of the original pleading, but it seems to me quite clear that there is no provision that would justify a demurrer to a supplemental pleading which was in addition to the original pleading. If the facts alleged in the supplemental pleading were improper to be placed as supplementing the original pleading, the question should be determined by the court when the application for leave to serve such supplemental pleading is made. A supplemental complaint thus served does not set up a new cause of action. It has been again and again held that the cause of action must be alleged in the original pleading, and that it is improper to allow, by way of supplemental pleading, a new cause of action to be alleged. A pleading merely supplemental to one already in existence would necessarily be imperfect as stating a cause of action, and any pleading which is served purely as a supplement to an existing pleading would be demurrable if the demurrer to it were allowed. The subsequent provision of section 544 of the Code makes it clear that, where a supplemental pleading was allowed in addition to the original pleading, the right of the party to relief was not to depend upon the supplemental pleading alone; for it is provided that the right of the adverse party to have a provisional remedy or other proceeding taken in the action vacated or set aside depends upon the case presented by the original and supplemental pleading. Thus, I think that a demurrer to this supplemental pleading, alleging facts in addition to the original complaint, was unauthorized by the Code. The proper practice for the defendants to pursue was to proceed with the trial of the case, and, if the facts alleged in the supplemental complaint were not such as would entitle the plaintiff to the particular relief to which he insisted he was entitled on the facts alleged in the supplemental complaint, the court, upon the trial, would grant the proper judgment; but upon this demurrer the only judgment that could be given was that the supplemental complaint was inconsistent with the original complaint,—in which case it should not have been allowed to be served,—or did not state facts sufficient to constitute a cause

of action, which, if it had, it would not have been a supplemental complaint in addition to the original complaint. I think, therefore, that the judgment appealed from should be reversed, and the demurrer overruled, as unauthorized, with leave to the defendants to answer to the supplemental complaint upon payment of costs in the court below and in this court.