RICHARD D. HARRIS, Appellant, *v.* GEORGE ELLIOTT and GEORGE L.
ELLIOTT, as Executors, etc., of JOHN ELLIOTT, Deceased, and
Others, Respondents, Impleaded with Others.

*Misjoinder — action by a trustee to determine the disposition of a trust fund — effect
of a compromise agreement, previously made by him with the parties in interest,
to pay separate sums to each.*

A complaint alleged that there had been assigned to the plaintiff a mortgage, to
secure a fund which he held as trustee for the benefit of one Elliott in a cer-
tain sum, and for the benefit of Riggs & Co. in another sum, upon the
payment of which amounts he was to reassign the mortgage to its assignor, one
Wheeler, and that he was entitled to a lien upon the moneys collected thereon
after the payments of the amounts due to Elliott and Riggs & Co. to secure
the payment of two sums owing to him from one de Chambrun, and asked
for a judgment fixing the amounts owing to Elliott and Riggs & Co. and to
Wheeler, and that he should be adjudged to have a lien upon the remainder of
the proceeds of the mortgage to secure the payment of the sums due to
him.

While the action was pending a contract was made by which the plaintiff agreed
to pay certain sums in settlement of the respective amounts due to Elliott and
Riggs & Co. respectively; to pay another sum to de Chambrun and still
another sum to Wheeler, and that, on the making of these payments, an order
discontinuing the suit should be entered.

After a portion of the money had been paid under this agreement the plaintiff
served a supplemental complaint setting forth the agreement and the pay-
ments made thereunder, and, further, that Elliott and the firm of Riggs & Co.
were indebted to him in certain sums for services rendered, and that Wheeler
was also indebted to him in a certain sum and asked that it be adjudged that
the action had been compromised; that the amount due to the plaintiff from
Elliott, Riggs & Co. and from Wheeler be ascertained, and that whatever was
due to them by reason of the agreement for a settlement should apply upon
those amounts and that he have judgment for the remainder.

The defendants demurred to both the original and supplemental complaints on
the ground that several causes of action had been improperly united therein.

*Held,* that the demurrer should be sustained;

That as the services were not rendered by the plaintiff in the matter of his trus-
teeship the claim against Elliott constituted simply a cause of action for services
rendered to him for which he alone was liable, and as the same was true in
regard to the claim against Riggs & Co., and as Wheeler had nothing to do
with either of these claims, there were united in one cause of action a legal
claim against Elliott, another against Riggs & Co. and a third against Wheeler,
and no one of the defendants had any interest in the result of the action so
far as the other defendants were concerned;

That, in view of the fact that by the agreement the plaintiff had contracted to pay a fixed amount to each, there was no common fund in regard to which the rights of the defendants were to be adjudged, and they could not be properly joined as parties defendant in one action.

INGRAHAM, J., dissented.

APPEAL by the plaintiff, Richard D. Harris, from an interlocutory judgment of the Supreme Court in favor of certain of the defendants, entered in the office of the clerk of the county of New York on the 18th day of April, 1898, upon the decision of the court rendered after a trial at the New York Special Term sustaining their demurrer to the complaint.

The demurrer was interposed to the amended and also to the supplemental complaint in this action on the ground that several causes of action had been improperly united, as follows:

*First.* That new causes of action not relating to the cause of action set forth in the amended complaint are set forth in the third, fourth and fifth paragraphs of said supplemental complaint.

*Second.* That causes of action on claims made by the plaintiff in his individual capacity are set forth in the third, fourth and fifth paragraphs of said supplemental complaint as a set-off against the obligations of the plaintiff as trustee under the trust set forth in the amended complaint.

*Third.* That it appears from said amended and supplemental complaint that the cause of action set forth in the third paragraph of said supplemental complaint affects only the defendants George Elliott and George L. Elliott, as executors of John Elliott, deceased.

*Fourth.* That it appears from said amended and supplemental complaint that the cause of action set forth in the fourth paragraph of said supplemental complaint does not affect these defendants.

*Fifth.* That it appears from said amended and supplemental complaint that the cause of action set forth in the fifth paragraph of said supplemental complaint does not affect these defendants.

*Sixth.* That it appears from the third clause of said supplemental complaint that a cause of action against the defendants George Elliott and George L. Elliott, as executors of John Elliott, has been united with a cause of action against them in their individual capacity.

*Otto C. Wierum, Jr.,* for the appellant.

*Lucius H. Beers,* for the respondents.

Rumsey, J.:

This action was brought in the month of November, 1895. The parties to the original action were the executors of John Elliott, the members of the firm of Riggs & Co., the administrator of the estate of Charles A. de Chambrun, and the administratrix of the estate of Thomas M. Wheeler. The complaint alleged that there had been assigned to the plaintiff by Thomas M. Wheeler a mortgage to secure the sum of $10,875, which the plaintiff held as trustee for the benefit of John Elliott in a certain sum, and for the benefit of Riggs & Co. in another sum, and with the understanding that upon the collection of the mortgage or upon the payment of those sums he would reassign the mortgage to Wheeler. The plaintiff alleged in his complaint that de Chambrun had agreed to pay the plaintiff $2,500 for certain services, and de Chambrun and Wheeler had agreed to pay him $1,956 for certain other services, and that he was entitled to a lien upon the money collected upon said mortgage, after the payments of the amounts due to Elliott and Riggs & Co., to secure the payment of the two sums owing to him from de Chambrun. He alleged that the amount of the mortgage had been paid to him, and he brought the action to obtain a judgment, fixing the amounts owing to Riggs & Co. and to Elliot and to Wheeler as the owner of the mortgage, and asking that he should be adjudged to have a lien upon the remainder of the proceeds of the mortgage to secure the payment to him of the said sums of $2,500 and $1,956; but it was conceded in the complaint that such lien was subject to the prior lien of Riggs & Co. and Elliott, and the relief asked was that it be so declared. It is important that this fact should be borne in mind because the plaintiff did not bring the original action to assert any claim upon the proceeds of the mortgage which belonged to Elliott or to Riggs & Co., but he expressly stated that whatever claim he might have had to a remainder of the proceeds of the mortgage, was subject to the prior rights of Elliott and of Riggs & Co. After the action had been brought and was at issue, and on the 14th of December, 1896, it was settled by contract by which the plaintiff agreed to pay the sum of $8,077.96 on the 15th of January, 1897, in full settlement of the amounts claimed by Elliott and Riggs & Co.; to pay to de Chambrun the sum of $1,164.40, and to the administratrix of Wheeler the sum of $1,170.20, and it was agreed that

upon the making of those payments an order of discontinuance should be entered. After that agreement had been made and a portion of the money had been paid under it, the plaintiff applied for leave to serve a supplemental complaint, which was granted, and thereupon he served upon the defendants a complaint, setting up this agreement for a settlement; that he had paid to Elliott and Riggs & Co. the sum of $5,000, and to de Chambrun the full amount agreed to be paid to him. The plaintiff then set up that the executors of Elliott were indebted to him in the sum of $5,700 for services which he rendered to John Elliott, their testator, and to the defendants as executors in a certain action. He also set up that the firm of Riggs & Co. was indebted to him in a certain other sum for services rendered to them as attorney at law, which were more particularly set out. He also set up that the defendant Walker, as administratrix of Wheeler, was indebted to him in the sum of $1,141 for promissory notes given by Wheeler to him and which he then held. The judgment which he asked in his supplemental complaint was that the action had been compromised and that the amount due to him from the executors of Elliott and from Riggs & Co. and from Walker, as administratrix of Wheeler, be fixed and ascertained, and whatever was due to them by reason of the agreement for a settlement be applied upon those amounts, and that he have judgment for the remainder. To the complaint as thus changed the executors of Elliott and Riggs & Co. demurred separately, and upon the trial of the issue of law thus raised the demurrer was sustained and judgment ordered for those defendants. From that judgment this appeal is taken. The supplemental complaint is not a substitute for the original complaint, but both stand as one pleading. (*Lovatt* v. *Watson*, 35 Hun, 553, 555.) The two papers are read together and the demurrer is taken to both. It is " to the amended and supplemental complaint."

It will be noticed that in the original complaint the plaintiff claimed no lien upon that portion of the mortgage which was to be paid to Elliott or to Riggs & Co., but expressly asked that any claim which he had should be subject to their prior rights. Therefore, as against them, he had no right to insist that whatever sum was coming to them out of the mortgage should be made subject to any debt which they owed him; nor does he in the supplemental complaint

allege any lien upon the portion of the fund belonging to them; nor does he set up any facts out of which a lien can arise. He says he performed certain services for Elliott as attorney, by reason of which his executors became indebted to him in the sum of $5,700, but these services were not rendered in the matter of his trusteeship of this mortgage, and, so far as appears, they had no relation whatever to the mortgage. So, with regard to Riggs & Co., he alleges that they owed him $2,500 for professional services, but it is evident from the dates of those services that they were not performed by him in any matter connected with the trusteeship, but whatever debt there was from Riggs & Co. accrued as early as 1886, which was a long time before the mortgage was transferred to the plaintiff. The claim set up in this complaint against Elliott constitutes simply a cause of action for services rendered to him, for which he alone is liable, and it has no connection whatever with the debt due from the plaintiff and Riggs & Co., and the administratrix of Wheeler have nothing whatever to do with it. So the claim against Riggs & Co. is simply a legal cause of action against them for services not rendered in connection with this trusteeship, and out of which no lien whatever upon this debt arises. It is purely an effort to unite in one cause of action a legal claim against Riggs & Co. with another against Elliott and with a third against the administratrix of Wheeler. Section 484 of the Code of Civil Procedure authorizes the uniting in the same complaint of several causes of action upon contract, but it expressly requires that those causes of action should affect all the parties to the action. It is not meant by this that the same judgment should be asked for against each defendant; but to permit the joining of several defendants, where a money judgment only is asked for, it is necessary that each defendant should have an interest either in the subject of the action, or in a fund out of which the money judgment must, as a result of the action, be derived. But whenever it appears that one defendant has no interest whatever in the result of the action, so far as another defendant is concerned, and that there is no common fund in regard to which the rights of the defendants are to be adjudged, he cannot be joined with the other defendants. It clearly appears in this case that Riggs & Co. have no interest whatever in any judgment that is asked against the executors of Elliott, nor have the executors of

Elliott any interest whatever in the judgment asked against Riggs & Co. It is quite true that the plaintiff owes to Elliott and to Riggs & Co. a certain sum of money, and if he had been sued by Elliott for that sum of money he could undoubtedly set up as a counter-claim these legal services. So, if he had been sued by Riggs & Co. for the sum of money he could set up as a counterclaim the legal services rendered to them, but that would not be because he had a lien upon any fund in his hands which was due to these people, but would be simply an assertion of the right of counterclaim which every person has when a claim is made against him.

The complaint is sought to be sustained because the plaintiff asks for an adjudication as to the rights of several persons to a fund which is in his hands. But there is no fund in his hands, as appears by the supplemental complaint. The money which constituted the fund has been paid to him and he has by express contract agreed how it shall be divided among those persons who are entitled to it, and as the result of that agreement there is no longer a fund, but the plaintiff is bound by contract to pay a fixed amount to each of several persons. We have already held in this case that the remedy of these several defendants was only by an action at law, upon the stipulation which appears in this supplemental complaint, to recover the amount which the plaintiff, by that stipulation, agreed to pay to them. (*Harris* v. *Elliott*, 19 App. Div. 60.) The agreement of the plaintiff to pay is made separately, with separate defendants, and no joint action will lie by all (*Hees* v. *Nellis*, 1 T. & C. 118), but each must sue separately. In that action Harris could set up, as against the claim of each plaintiff, the counterclaim which he has alleged in this complaint. This counterclaim would constitute a separate defense to each defendant, in which no other defendant would be at all interested. The test to determine whether two parties can be joined as defendants is, whether they have one connected interest centering in the point in issue, or one common point of litigation. (*Mahler* v. *Schmidt*, 43 Hun, 512; *Corcoran* v. *Mannering*, 10 App. Div. 516.) It is quite evident here that there is no common point of litigation and no connected interest. The plaintiff's claim against each of these defendants is entirely separate from the claim against any other, and he makes no assertion or allegation as to Riggs & Co., or Elliott, that he has any lien either upon the fund

or upon the money which he has agreed to pay them by his stipulation. For that reason he cannot join them as defendants in this action upon the facts set out in this complaint, and the demurrer was properly interposed upon the ground of the misjoinder of causes of action. (*Nichols* v. *Drew*, 94 N. Y. 22.)

Judgment affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

This action, as originally commenced, was in the nature of a bill of interpleader, by which the plaintiff sought to have the court determine to whom a fund in his hands belonged. The defendants answered the complaint in that action, and subsequently the plaintiff asked leave to serve a supplemental complaint. This supplemental complaint alleged facts that happened subsequent to the commencement of the action, and alleged an agreement in writing between the parties to the action subsequent to the joinder of issue, and the acts of the plaintiff and the defendants in pursuance of such stipulation or agreement. No cause of action different from that alleged in the complaint was sought to be injected into the action. The action, after the service of the supplemental complaint, was still to determine to whom this fund in the hands of the plaintiff belonged, and the cause of action was still the same. Upon the facts alleged in the complaint, the plaintiff requested a judgment which would make a different disposition of the fund than that justified by the facts alleged in the original complaint; but the cause of action still was for an adjudication as to the ownership of a fund which by the original complaint, not by the supplemental complaint, was alleged to be in the hands of the plaintiff. Subsequent to the service of this supplemental complaint the defendants demurred to the amended and supplemental complaint "on the ground that several causes of action have been improperly united therein." There was no "amended and supplemental complaint" served. There was an original complaint and a supplemental complaint. If this demurrer was sought to apply to the original complaint as supplemented by the facts alleged in the supplemental complaint it should have been so stated. The right to demur to the original complaint had been lost

by service of the answer to it, and the office of this supplemental complaint simply was to allege facts which the plaintiff would seek to prove upon the trial, supplementing the facts alleged in the original complaint, and which, in such an action as this, would affect, not the cause of action, but the special relief that a court of equity would give under the circumstances. As to the right to demur to a supplemental complaint standing alone, I know of no provision of the Code or principle of practice which allows one to be interposed. Demurrers are regulated by article 2, title 1 of chapter 6 of the Code. Title 1 of that chapter relates to the complaint, and the complaint there referred to is the original complaint upon which a recovery is sought. Section 481 of the Code prescribes what the complaint must contain. Article 2 relates to demurrers. Section 487 of the Code provides that the only pleading on the part of the defendant is either a demurrer or answer; and by section 488 it is provided that the defendant may demur to the complaint where one or more " of the following objections thereto appear upon the face thereof." This article will be searched in vain for any provision which either authorizes or recognizes a demurrer to a supplemental pleading. The only provision of the Code which relates to supplemental pleadings is section 544. There it is provided that, upon the application of either party, he will be permitted to make a supplemental complaint, answer or reply, alleging material facts which occurred after his former pleading, or of which he was ignorant when it was made. The section then provides that the party may apply for leave to make a supplemental pleading, " either in addition to, or in place of, the former pleading." The supplemental complaint served in this action was made, not in place of, but in addition to, the former complaint, and thus both complaint and supplemental complaint stood together as alleging the facts upon which the plaintiff claimed to be entitled to the judgment which he demanded. It is unnecessary to determine whether or not a party would have a right to demur to a supplemental pleading which had been allowed by the court in place of the original pleading; but it seems to me quite clear that there is no provision that would justify a demurrer to a supplemental pleading which was in addition to the original pleading. If the facts alleged in the supplemental pleading were improper to be pleaded as

FIRST DEPARTMENT, MAY TERM, 1898.          [Vol. 29.

supplementing the original pleading, the question should be deter-
mined by the court when the application for leave to serve such
supplemental pleading is made.     A supplemental complaint thus
served does not set up a new cause of action.    It has been again and
again held that the cause of action must be alleged in the original
pleading, and that it is improper to allow, by way of supplemental
pleading, a new cause of action to be alleged.    A pleading merely
supplemental to one already in existence would necessarily be imper-
fect as stating a cause of action, and any pleading which is served
purely as a supplement to an existing pleading would be demurra-
ble if the demurrer to it were allowed.    The subsequent provision
of section 544 of the Code makes it clear that where a supplemental
pleading was allowed in addition to the original pleading, the right
of the party to relief was not to depend upon the supplemental
pleading alone, for it is provided that the right of the adverse party
to have a provisional remedy or other proceeding taken in the action
vacated or set aside depends upon the case presented by the original
and supplemental pleading.    Thus, I think that a demurrer to this
supplemental pleading, alleging facts in addition to the original
complaint was unauthorized by the Code.    The proper practice for
the defendants to pursue was to proceed with the trial of the case,
and if the facts alleged in the supplemental complaint were not
such as would entitle the plaintiff to the particular relief to which
he insisted he was entitled on the facts alleged in the supple-
mental complaint, the court, upon the trial, would grant the proper
judgment ; but, upon this demurrer, the only judgment that could
be given was that the supplemental complaint was inconsistent with
the original complaint — in which case it should not have been
allowed to be served — or did not state facts sufficient to constitute
a cause of action, which, if it had, it would not have been a supple-
mental complaint in addition to the original complaint.

I think, therefore, that the judgment appealed from should be
reversed and the demurrer overruled as unauthorized, with leave to
the defendants to answer the supplemental complaint upon pay-
ment of costs in the court below and in this court.

Judgment affirmed, with costs.