STEARNS et al. v. LICHTENSTEIN et al.

(Supreme Court, Appellate Division, Second Department.   March 6, 1900.)

1. PLEADING—SUPPLEMENTAL COMPLAINT—DEMURRER.
    A supplemental complaint, filed in lieu of the original, may be attacked by demurrer.

2. LANDLORD AND TENANT—LEASE—COLLATERAL AGREEMENT — STATUTE OF FRAUDS.
    A landlord's oral agreement that, in consideration of plaintiffs' lease of a loft on February 1, 1895, for three years, the landlord would eject tenants of another loft on that date whose occupancy deterred plaintiffs from obtaining adequate insurance, and that after such date such tenants should no longer occupy any portion of the building, was not void, under the statute of frauds, as an oral agreement not to be performed within a year.

3. SAME—CONTRACT—MERGER.
    An oral agreement that, if plaintiffs would take a lease of certain lofts in defendant's building, defendant would put out certain tenants occupying neighboring lofts, was not merged in a written lease, silent as to such agreement, afterwards taken by plaintiffs, but remained an independent collateral agreement, for the breach of which plaintiffs were entitled to recover.

4. SAME—OCCUPANCY AFTER KNOWLEDGE OF BREACH—WAIVER.
    Defendant agreed that, if plaintiffs would take a lease of certain lofts in defendant's building, he would put out of another loft tenants whose presence would prevent plaintiffs obtaining adequate fire insurance. Plaintiffs took a lease, and entered into possession. Defendant failed to put out the other tenants, but plaintiffs remained in occupancy of the loft, though unable to obtain sufficient insurance, owing to the other tenancy. *Held* that, by remaining in the premises after knowledge that the objectionable tenancy had not been terminated as agreed, the plaintiffs did not waive the right to recover of the landlord damages incurred by reason of inadequate insurance.

Appeal from special term, New York county.

Action by Benjamin Stearns and others against Melvin Lichtenstein and others, as executors, etc., of Benjamin Lichtenstein, deceased. From an interlocutory judgment overruling a demurrer to the supplemental complaint, defendants appeal.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William N. Cohen, for appellants.

Jonas B. Weil, for respondents.

WILLARD BARTLETT, J.   Under section 544 of the Code of Civil Procedure, a party may apply for leave to make a supplemental pleading, either in addition to, or in the place of, the former pleading.   While there has been some diversity of judicial opinion as to whether a demurrer may be interposed to a supplemental complaint which is additional to the original complaint, and leaves the original complaint still standing as a pleading in the action, we think it clear that, when the supplemental complaint comes into the case in lieu of the original, it may be attacked by demurrer in the same manner.   The plaintiffs' claim is founded upon the alleged

breach of an oral agreement made between the defendants' testator, Benjamin Lichtenstein, and the plaintiffs, whereby Lichtenstein agreed that, if the plaintiffs would take a lease from him of a certain portion of the premises No. 640 Broadway, in the city of New York, the tenancy of a firm known as Hecht & Co., then occupying a loft in the building, "would be terminated by said Benjamin Lichtenstein on the 1st day of February, 1895; at which time said Benjamin Lichtenstein represented to the plaintiffs that the tenancy of said Hecht & Co. expired, and he agreed that after said 1st day of February, 1895, said tenants should no longer occupy any portion of said building, or be tenants therein, either directly or indirectly." After setting out this agreement, the supplemental complaint alleges that the plaintiffs had declined to accept said lease without said agreement, for the reason that, as stated by them to Lichtenstein and as he well knew, the fact of Hecht & Co. being tenants of the building after the 1st day of February, 1895, would debar the plaintiffs from obtaining adequate fire insurance on their stock of merchandise in their business of manufacturing ostrich feathers. It is further alleged that, in consideration of the agreement and its reiteration by Lichtenstein, the plaintiffs accepted a lease of two lofts at No. 640 Broadway for the term of three years, commencing on February 1, 1895; that on or about that date they entered into possession of the said lofts under the lease, and otherwise fully carried out the terms of the agreement on their part, but that the said Lichtenstein entirely failed and neglected to carry out the terms of the agreement on his part to be performed. It is charged that Lichtenstein did not cause the tenancy of Hecht & Co. to terminate on the 1st day of February, 1895, but permitted said firm to occupy a loft in the premises and remain tenants of the building until the 5th day of November in that year; that, by reason of Lichtenstein's violation of his agreement, the plaintiffs were unable to obtain good or adequate fire insurance on their stock of merchandise; that the plaintiffs repeatedly called the attention of Lichtenstein to the violation of his agreement, and to their inability to obtain sufficient fire insurance on their stock by reason thereof, and said Lichtenstein repeatedly promised and agreed that he would carry out his said agreement, and cause Hecht & Co. to vacate the loft occupied by them; that the plaintiffs carried a stock of merchandise amounting to $64,000, upon which they were unable to obtain fire insurance for more than $32,500; and that on the 5th day of November, 1895, the building No. 640 Broadway, and all the plaintiffs' stock of merchandise of the value of $64,000, were destroyed by fire, without fault or negligence on the part of the plaintiffs. The present action is brought to recover damages which the plaintiffs claim to have incurred by reason of their inability to obtain adequate insurance on their stock, resulting from Lichtenstein's violation of his oral agreement to terminate the occupancy of Hecht & Co. in the building immediately on February 1, 1895.

It is contended, in the first place, that the oral contract, as alleged in the supplemental complaint, is in violation of the statute of frauds. We do not think so. The agreement is alleged to have

been made October 20, 1894, and the undertaking of Lichtenstein is alleged to have been that the tenancy of Hecht & Co. would be terminated with the 1st day of February, 1895. This part of the agreement was certainly to be performed within one year. The supplemental complaint further alleges that Lichtenstein "agreed that after said 1st day of February, 1895, said tenants should no longer occupy any portion of said building or be tenants therein, either directly or indirectly." This allegation may fairly be regarded as merely an amplification of the terms of the agreement as previously stated. To make the contract void in any possible view, under the statute of frauds, it must be construed as an engagement, not only to put out Hecht & Co. by February 2, 1895, but to keep them out if and whenever they should attempt to reoccupy No. 640 Broadway during the three years of the plaintiffs' tenancy. But such is not the necessary construction. It is to be remembered that Lichtenstein was the owner of the premises. Speaking as landlord, in this agreement he simply undertook that the occupation by Hecht & Co. of a portion of his property should cease immediately after the plaintiffs went into occupancy of another portion. The agreement was not that Hecht & Co., being out, should not thereafter come in, but that, being in, their occupation should cease at a date certain, a few months later. If the agreement had been kept, the plaintiffs, according to the theory of the complaint, would have been able to obtain adequate insurance upon their goods, and hence would have sustained no loss by reason of the subsequent fire.

As to the appellants' second point, that the oral contract was merged in the written lease, we find no difficulty, under the authorities, in sustaining what must have been the view of the learned judge at special term, that it was an independent collateral agreement. Lewis v. Seabury, 74 N. Y. 409; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; Stowell v. Insurance Co., 20 App. Div. 188, 46 N. Y. Supp. 802. It is to be observed that the lease dealt only with the plaintiffs' occupation of the fourth and fifth lofts of the building, while the oral agreement dealt with Hecht and his occupancy of a different loft.

Nor do we think that the plaintiffs precluded themselves from claiming damages by remaining in possession of that portion of the premises demised to them, after knowledge that the objectionable tenancy had not been terminated as agreed upon. "The taking and retaining of the demised premises by the lessee is not inconsistent with a remedy on the covenants to repair made by the landlord, and would not be a waiver of the tenant's right to claim damages for a breach." Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 44, 39 N. E. 7. We do not see why the tenant's occupancy is any more inconsistent with his right of action on an independent agreement of the character pleaded in this action.

As to the suggestion that the loss suffered by the plaintiffs in the fire is not the correct measure of damages, being too remote, it is enough to say that this question does not properly arise on demurrer. If there was a breach of the contract, the plaintiffs were, at all events, entitled to recover nominal damages, and that suffices to

sustain the supplemental complaint in this respect. The interlocutory judgment should be affirmed.

Interlocutory judgment affirmed, with costs, with leave to the defendants to answer within 20 days upon payment of costs. All concur.