SAYER v. BEIRNE.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. INTERPLEADER—SUPPLEMENTAL COMPLAINT.
　　Where an order of interpleader is made, on application of the original defendant, permitting him to pay the money sued for into court, and directing that a third person be substituted as defendant, the supplemental complaint should show that the substituted defendant claims the money.

2. SAME—DEMURRER.
　　The complaint served, after an order of interpleader, substituting a third person as defendant, being by its own terms not only a supplemental, but an amended, pleading, is clearly a substitute for the original complaint, and therefore subject to demurrer, by the substituted defendant.

Appeal from special term, Orange county.

Action by James E. Sayer against the Erie Railroad Company. From an interlocutory judgment overruling the demurrer of the substituted defendant Edward C. Beirne, to the amended and supplemental complaint, on the ground that it did not state facts sufficient to constitute a cause of action, the substituted defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William A. Parshall, for appellant.
Frank Lybolt, for respondent.

WILLARD BARTLETT, J.   When an order of interpleader is made on the application of the original defendant in an action, permitting him to pay the amount sued for into court, and directing that a third person, who claims the same, be substituted as defendant, the proper practice is for the plaintiff to serve a supplemental complaint setting forth such additional facts as are necessary to show that he has a right to recover the amount claimed from the substituted defendant.   Wilson v. Lawrence, 8 Hun, 593.   This rule was not observed in the present case.   The amended and supplemental complaint to which the appellant demurred alleges that the plaintiff had earned $97.85 as a brakeman and flagman in the employment of the Erie Railroad Company; that said corporation failed to pay such wages, and the plaintiff brought an action against it therefor; that an order was made by the county court of Orange county permitting the railroad company to pay the money into court, substituting Edward C. Beirne as defendant in its place, and granting the plaintiff leave to serve an amended and supplemental complaint; that the sum of $97.85, being the amount of the wages claimed by the plaintiff, was paid into court; that a copy of the order was served upon the defendant Edward C. Beirne; and that the defendant is a resident of Orange county.   The complaint contains no allegations showing that the substituted defendant, Edward C. Beirne, made any claim for the wages to be recovered by the plaintiff, nor is there any other averment showing the existence of a cause of action against the substituted defendant in behalf of the plaintiff.   These omissions make the complaint fatally defective, under the authority cited.   That case holds that the supplemental complaint to be served after the granting of an order of interpleader should not only allege substitution of the new defendant, the dismissal of the original defendant, and the deposit of the amount claimed, but such other appropriate allegations in relation to the new defendant as the plaintiff will be required to prove to maintain his action.   As the complaint now stands, every allegation therein may be true, and yet the plaintiff may have no right of recovery against Edward C. Beirne; for the order of interpleader is not shown to have been at his instance, and may have been made against his objection and opposition.   There can be no doubt in this case of the right to attack the complaint by demurrer, as it is by its own terms declared to be not only a supplemental, but an amended, pleading.   It is therefore clear that it is a substitute for the original complaint.   Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949.   The interlocutory judgment should be reversed.

Interlocutory judgment reversed, and demurrer to amended and supplemental complaint sustained, with costs, with leave to the plaintiff to amend within 20 days upon the payment of said costs.   All concur.