JAMES E. SAYER, Respondent, *v.* EDWARD C. BEIRNE, Appellant.

*Substitution of a new party defendant — what must be alleged in the supplemental complaint, and what is a supplemental and amended complaint — demurrer to a supplemental and amended complaint.*

Where, on the application of the original defendant in an action, an order is made permitting him to pay the amount sued for into court and directing that a third person, who claims the same, be substituted as a party defendant, the proper practice is for the plaintiff to serve a supplemental complaint setting forth such additional facts as are necessary to show that he has a right to recover the amount claimed from the substituted defendant.

A supplemental and amended complaint should not only allege the substitution of the new defendant, the dismissal of the original defendant and the deposit of the amount claimed, but such other appropriate allegations in relation to the new defendant as the plaintiff will be required to prove to maintain his action, as, for example, that the substituted defendant makes a claim for the money deposited, and that a cause of action exists in favor of the plaintiff against the substituted defendant.

Where the pleading served after the making of an order of interpleader is declared by its terms to be not only a supplemental, but an amended complaint, it is to be construed as a substitute for the original complaint, and the substituted defendant is entitled to attack it by demurrer.

APPEAL by the defendant, Edward C. Beirne, from an interlocutory judgment of the County Court of Orange county in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 7th day of April, 1902, upon the decision of the court, rendered after a trial at a Special Term of said court, overruling a demurrer to the amended and supplemental complaint, interposed upon the ground that such complaint did not state facts sufficient to constitute a cause of action.

*William A. Parshall,* for the appellant.

*Frank Lybolt,* for the respondent.

WILLARD BARTLETT, J.:

When an order of interpleader is made on the application of the original defendant in an action, permitting him to pay the amount sued for into court and directing that a third person, who claims the same, be substituted as defendant, the proper practice is for the

plaintiff to serve a supplemental complaint setting forth such additional facts as are necessary to show that he has a right to recover the amount claimed from the substituted defendant. (*Wilson* v. *Lawrence*, 8 Hun, 593.)

This rule was not observed in the present case. The amended and supplemental complaint to which the appellant demurred alleges that the plaintiff had earned ninety-seven dollars and eighty-five cents as a brakeman and flagman in the employment of the Erie Railroad Company; that said corporation failed to pay such wages and the plaintiff brought an action against it therefor, and that an order was made by the County Court of Orange county permitting the railroad company to pay the money into court, substituting Edward C. Beirne as defendant in its place and granting the plaintiff leave to serve an amended and supplemental complaint; that the sum of ninety-seven dollars and eighty-five cents, being the amount of the wages claimed by the plaintiff, was paid into court; that a copy of the order was served upon the defendant (Edward C. Beirne), and that the defendant is a resident of Orange county. The complaint contains no allegations showing that the substituted defendant, Edward C. Beirne, made any claim for the wages to be recovered by the plaintiff, nor is there any other averment showing the existence of a cause of action against the substituted defendant in behalf of the plaintiff.

These omissions make the complaint fatally defective under the authority cited. That case holds that the supplemental complaint to be served after the granting of an order of interpleader should not only allege substitution of the new defendant, the dismissal of the original defendant and the deposit of the amount claimed, but *such other appropriate allegations* in relation to the new defendant as the plaintiff will be required to prove to maintain his action. As the complaint now stands, every allegation therein may be true, and yet the plaintiff may have no right of recovery against Edward C. Beirne, for the order of interpleader is not shown to have been at his instance and may have been made against his objection and opposition.

There can be no doubt in this case of the right to attack the complaint by demurrer, as it is, by its own terms, declared to be not only a supplemental but an amended pleading. It is, therefore,

clear that it is a substitute for the original complaint. (*Stearns* v. *Lichtenstein*, 48 App. Div. 498.)

The interlocutory judgment should be reversed.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Interlocutory judgment reversed and demurrer to amended and supplemental complaint sustained, with costs, with leave to the plaintiff to amend within twenty days upon the payment of said costs.