NATHAN BILDER, as Trustee, Plaintiff, *v.* CHARLES E. ELLIS, Defendant.

(Supreme Court, New York Special Term, January, 1912.)

Bankruptcy — What passes to the assignee and the nature of his title — Property and rights transferred — Corporations.
Pleading — Motion for judgment on the pleadings — Answer and demurrer by defendant.

> The bankruptcy court obtains jurisdiction over a corporation upon the filing of an involuntary petition, and, upon the adjudication of the corporation as a bankrupt, the trustee when appointed becomes vested to the title to its assets.
>
> Where, in an action by the receiver in bankruptcy of a corporation against its president for money had and received to its use on the sale of shares of stock, the facts necessary to show jurisdiction in the bankruptcy court are alleged in the complaint and admitted by the answer, a demurrer to a supplemental complaint alleging as additional facts that the matters in controversy in the action were determined in plaintiff's favor and against the defendant, in a proceeding before the referee in bankruptcy to compel defendant to turn over assets of the bankrupt to the trustee, raises no issue and plaintiff is entitled to judgment upon the pleadings.
>
> No petition for a review of the order of the referee in bankruptcy having been filed, it was a final determination by a court of competent jurisdiction of the matters in controversy in the present action.
>
> The plaintiff, however, is not entitled to recover an indebtedness of defendant to the bankrupt corporation for money received from sources other than from the sale of the stock, based upon a finding of the referee in bankruptcy and constituting an independent cause of action not set forth in the original complaint in the present action.

ACTION by a receiver in bankruptcy to recover money had and received by defendant to the use of the bankrupt.

Cohen, Creevey & Richter (Julius Henry Cohen of counsel), for plaintiff.

W. Bernhard Vanse (John J. Vanse, of counsel), for defendant.

PAGE, J. This action was brought by the receiver in bankruptcy of the Kornit Manufacturing Company, a foreign corporation, incorporated under the laws of the State of New Jersey, against the defendant, who was president of said corporation, to recover the sum of $371,-674.50 as moneys had and received by the defendant to the use of the corporation on the sale of shares of stock. The defendant answered, denying material allegations of the complaint, and alleging a separate defense and what is stated to be a defense, offset and counterclaim. Thereafter the plaintiff served a supplemental complaint, to which the defendant has demurred on the grounds: *first,* that the supplemental complaint does not state facts sufficient to constitute a cause of action; *second,* that the court has not jurisdiction of the subject of the action. The plaintiff now moves for judgment on the pleadings.

The counsel have not suggested that the demurrer was improperly served, but have argued the issues of law presented thereby. A demurrer for insufficiency could only be served if the supplemental complaint was intended to supersede the original complaint (Stearns v. Lichtenstein, 48 App. Div. 498; Sayer v. Bierne, 78 id. 491) and is not authorized where the supplemental complaint merely alleges additional facts to those which had been alleged in the original complaint for the purpose of supplementing that complaint; and a demurrer to such a supplemental complaint raises no issue. Hayward v. Hood, 44 Hun, 128; Harris v. Elliott, 29 App. Div. 568; Latimer v. McKinnon, 85 id. 224, 228.

The plaintiff has attempted, by reference thereto, to embody in his supplemental complaint certain of the allegations of the original complaint. This was unnecessary, as the original complaint stands in its entirety, and these allegations will be treated as surplusage. Their existence, however, affords some justification for the defendant's construing the supplemental complaint as one intended to be served in lieu of the original. The situation presented, therefore, by the pleadings is that there is an original complaint and answer thereto, by which triable issues are

raised, and a supplemental complaint alleging, as additional facts, proceedings in bankruptcy in the United States District Court for the district of New Jersey, in which it is claimed that the very matters in controversy were determined in plaintiff's favor and against the defendant, in which proceeding the defendant was fully heard, to which supplemental complaint defendant has not answered. The sole question to be determined is, is the order of the referee in bankruptcy in itself a judgment or decree of a competent court, determining the matters in controversy? The defendant contends that, as this proceeding is statutory, it is necessary to allege the facts showing the compliance with the statute. This might be true if the proceeding were one brought against a third person to recover property held adversely, under a claim of right, or because of a lien thereon, under section 23 of the Bankruptcy Act. The proceeding which resulted in the order set forth in the supplemental complaint, however, is to compel an officer of the bankrupt to turn over assets of the bankrupt to the trustee. The jurisdiction over the bankrupt corporation and its officers was obtained by the District Court upon the filing of the petition. Upon the adjudication of bankruptcy and the appointment of the trustee, he became vested with the title to the assets of the bankrupt. All the facts necessary to show jurisdiction in the District Court were set forth in the original complaint and admitted by the answer thereto. According to the Bankruptcy Act and the General Orders in Bankruptcy, all subsequent proceedings with respect to the bankrupt's property are heard and determined by the referee, subject only to a review on petition therefor by the court. Unless a petition for review is filed, the order of the referee is final and determines the matters litigated without further order of the court. Mueller v. Nugent, 148 U. S. 1. Compare Louisville Trust Co. v. Comingor, id. 18. In so far, therefore, as the matter tried and determined before the referee was the same as that set forth in the original complaint it was a final determination of the matters in controversy in this action by a competent court. In addition to those matters the referee found

17

that said Ellis and Graves were indebted to the bankrupt corporation for the sum of $23,456.27, received as such officers for and in behalf of the said corporation "from other sources," and the plaintiff seeks to recover in this action this sum in addition to the $371,674.50. This would appear to be an independent cause of action not set forth in the original complaint and must be recovered in a separate action.

Motion for judgment on the pleadings granted, with ten dollars costs. Judgment for the plaintiff for $371,674.50 with interest thereon from the 4th day of August, 1904, and costs of the action. Settle order on notice.

Judgment for plaintiff.

---

The People of the State of New York, Plaintiff, v. Millie J. Newcomb, as Administratrix, Etc., Defendant.

(Supreme Court, Oswego Trial Term, January, 1912.)

Abatement and revival—Death of party after judgment—Right of appeal therefrom—Death of one of several defendants. ·
Costs—Persons liable for or entitled to costs—Costs on appeal.

> In the absence of express statutory provision an action to recover a penalty does not survive the death of either party.
> A judgment in plaintiff's favor in such an action survives the death of the defendant, and her administratrix has a right of appeal therefrom.
> Where, before the argument of an appeal to the Court of Appeals from a judgment of the Appellate Division affirming a judgment of the trial court entered upon a verdict in plaintiff's favor in an action to recover a penalty for a violation of the Agricultural Law, the defendant dies and her administratrix is substituted as appellant, a direction, in the judgment of the Court of Appeals reversing the judgment of the trial court, for a new trial with costs to abide the event, is inoperative, as the cause of action did not survive the death of the defendant.
> The action being a penal one and the defendant having died, it cannot be determined who is the prevailing party and, as such, entitled to costs.