## BILDER v. ELLIS.

(Supreme Court, Appellate Division, First Department.   January 19, 1912.)

1. PLEADING (§ 284*)—SUPPLEMENTAL COMPLAINT—DEMURRER.

Where a supplemental complaint was interposed to plead a former adjudication since the commencement of the action, and not to take the place of the amended complaint, a demurrer to the supplemental complaint only was not authorized.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 850; Dec. Dig. § 284.*]

2. PLEADING (§ 350*)—MOTION—JUDGMENT ON THE PLEADINGS.

Where a supplemental complaint did not supersede an amended complaint, and there was a demurrer to the supplemental complaint only, the question presented on plaintiff's motion for judgment on the pleadings was whether, on the amended complaint, the answer thereto, and the facts set forth in the supplemental complaint not put in issue plaintiff was entitled to judgment, and, where the defendant did not plead to the supplemental complaint in a form authorized by law, the motion did not present the question whether defendant should be allowed to answer the supplemental complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1070–1077; Dec. Dig. § 350.*]

3. BANKRUPTCY (§ 224*)—JURISDICTION.

A referee in bankruptcy has jurisdiction to pass upon the liability of an officer of the bankrupt corporation to the estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

Appeal from Special Term, New York County.

Action by Nathan Bilder, as trustee in bankruptcy of the Kornit Manufacturing Company, against Charles E. Ellis. From an order granting plaintiff's motion for judgment on the pleadings, defendant appeals. Affirmed.

See, also, 131 N. Y. Supp. 1104.

The following is the opinion at Special Term, by Mr. Justice Page:

This action was brought by the receiver in bankruptcy of the Kornit Manufacturing Company, a foreign corporation, incorporated under the laws of the state of New Jersey, against the defendant, who was president of said corporation, to recover the sum of $371,647.50 as moneys had and received by the defendant to the use of the corporation on the sale of shares of stock. The defendant answered, denying material allegations of the complaint and alleging a separate defense, and what is stated to be a defense, offset, and counterclaim. Thereafter the plaintiff served a supplemental complaint to which the defendant has demurred on the grounds, first, that the supplemental complaint does not state facts sufficient to constitute a cause of action; second, that the court has not jurisdiction of. the subject of the action. The plaintiff now moves for judgment on the pleadings. The counsel have not suggested that the demurrer was improperly served, .but have argued the issues of law presented thereby. A demurrer for insuffi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ciency could only be served if the supplemental complaint was intended to supersede the original complaint (Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949; Sayer v. Beirne, 78 App. Div. 491, 79 N. Y. Supp. 696), and is not authorized where the supplemental complaint merely alleges additional facts to those which have been alleged in the original complaint for the purpose of supplementing that complaint, and a demurrer to such supplemental complaint raises no issue (Haywood v. Hood, 44 Hun, 128; Harris v. Elliott, 29 App. Div. 568, 51 N. Y. Supp. 1012; Latimer v. McKinnon, 85 App. Div. 224-228, 83 N. Y. Supp. 315). The plaintiff had attempted by a reference thereto to embody in his supplemental complaint certain of the allegations of the original complaint. This was unnecessary, as the original complaint stands in its entirety, and these allegations will be treated as surplusage. Their existence, however, affords some justification for the defendant's construing the supplemental complaint as one intended to be served in lieu of the original. The situation presented, therefore, by the pleadings is that there is an original complaint and answer thereto, by which triable issues are raised, and a supplemental complaint alleging as additional facts proceedings in bankruptcy in the United States District Court for the District of New Jersey, in which it is claimed that the very matters in controversy were determined in plaintiff's favor and against the defendant, in which proceedings the defendant was fully heard, to which supplemental complaint defendant has not answered.

The sole question to be determined is, Is the order of the referee in bankruptcy in itself a judgment or decree of a competent court determining the matters in controversy? The defendant contends that, as this proceeding is statutory, it is necessary to allege the facts showing the compliance with the statute. This might be true if the proceeding were one brought against a third person to recover property held adversely under a claim of right, or because of a lien thereon, under section 23 of the Bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]). The proceeding which resulted in the order set forth in the supplemental complaint, however, is to compel an officer of the bankrupt to turn over assets of the bankrupt to the trustee. The jurisdiction over the bankrupt corporation and its officers was obtained by the District Court upon the filing of the petition. Upon the adjudication of bankruptcy and the appointment of the trustee, he became vested with the title to the assets of the bankrupt. All the facts necessary to show jurisdiction in the District Court were set forth in the original complaint, and admitted by the answer thereto. According to the bankruptcy act and the general orders in bankruptcy, all subsequent proceedings with respect to the bankrupt's property are heard and determined by the referee, subject only to review on petition therefor by the court. Unless a petition for a review is filed, the order of the referee is final, and determines the matters litigated without further order of the court. Mueller v. Nugent, 148 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. Compare Louisville Trust Co. v. Comingor, 148 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. In so far, therefore, as the matter tried and determined before the referee was the same as that set forth in the original complaint, it was a final determination of the matters in controversy in this action by a competent court. In addition to those matters, the referee found that said Ellis and Graves were indebted to the bankrupt corporation for the sum of $23,456.27, received as such officers for and in behalf of said corporation "from other sources," and the plaintiff seeks to recover in this action this sum in addition to the $371,674.50. This would appear to be an independent cause of action not set forth in the original complaint, and must be recovered in a separate action. Motion for judgment on the pleadings granted, with $10 costs. Judgment for $371,674.50, with interest thereon from the 4th day of August, 1904, and costs of the action.

Settle order on notice.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

W. Bernard Vause, for appellant.

Julius Henry Cohen, for respondent.

LAUGHLIN, J. [1] The order might well be affirmed on the opinion of Mr. Justice Page at Special Term were it not for the fact that we deem it advisable to point out that defendant is in default with respect to the supplemental complaint. The demurrer to the supplemental complaint only was not authorized for the reason that the supplemental complaint was not served in place of the amended complaint, but for the purpose of alleging a conclusive adjudication on the issues since the commencement of the action, and therefore the amended complaint has not been superseded and still stands. Haywood v. Hood, 44 Hun, 128; Harris v. Elliott, 29 App. Div. 568, 51 N. Y. Supp. 1012. See, also, Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949.

[2] In these circumstances the only question presented on the motion for judgment on the pleadings was whether on the amended complaint, the answer thereto and the supplemental facts set forth in the supplemental complaint not put in issue plaintiff was entitled to judgment. The motion did not present the question as to whether or not defendant should be permitted to answer the supplemental complaint, for on the record he had not pleaded thereto in a form authorized. Being in default, he should have moved at Special Term to open his default if he desired to put in issue the facts alleged in the supplemental complaint.

[3] We agree with the views well expressed in the opinion at Special Term with respect to the jurisdiction of the referee in bankruptcy to pass upon the liability of the defendant as an officer of the bankrupt to the estate in bankruptcy and that the decision is res adjudicata; and those questions do not require further discussion.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.