(160 App. Div. 678)

BLOCK v. NUSSBAUM.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. LIBEL AND SLANDER (§ 94*)—PLEADING—ANSWER—JUSTIFICATION.

Where the complaint alleged the writing of a letter by defendant, in which he stated that R. felt that plaintiff had obtained money from him by false representations, and should be punished, that he concurred in that view, and, after stating the basis on which they would settle, that plaintiff could consider himself most fortunate, with an innuendo that defendant meant that plaintiff had committed larceny and would be fortunate to be able to settle without being prosecuted therefor, an answer, alleging certain representations by plaintiff promissory in their nature, was insufficient, as the representations would not support a criminal or civil action, and the justification was therefore not as broad as the charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

2. LIBEL AND SLANDER (§ 97*)—PLEADING—ANSWER—RELEASE.

In an action for libel, a defense pleading a general release was not demurrable, though plaintiff claimed that it was confined to a different matter, and did not extend to the cause of action for libel; this being a matter to be pleaded by way of reply.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 234–236; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Louis Block against Myer Nussbaum. From an order overruling demurrers to two separate defenses, plaintiff appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Kindleberger & Robinson, of New York City (E. Crosby Kindleberger, of New York City, of counsel), for appellant.
William B. Ellison, of New York City, for respondent.

CLARKE, J. This is an action for libel. The complaint is based upon a letter dictated by the defendant to a stenographer employed by him, and written out in typewriting, and read over by said stenographer before being signed by the defendant, and thereafter sent through the United States mails to the person to whom it was addressed, then acting as attorney for the plaintiff, who thereupon read the same. The portion of the letter complained of is as follows:

"In respect to proposition of purchase of stock in the Universal Sanitary Appliance Company of Mr. Riley and myself at the outset I want to make this observation: Mr. Riley has consulted counsel and I fear I cannot handle the situation as readily as I thought last Friday; he feels that Block has obtained moneys from him by false representations and that he should be punished for same. I most heartily concur in that view and feel as he does about it. I am, however, endeavoring to put through the proposition to purchase our stock, as I told you, to get rid of it, but it must be done on a different basis than proposed, that is, your proposition should be modified as follows: [Then follow nine paragraphs of details.] In conclusion I simply desire to add what I have already stated, that under all the circumstances Block can consider himself most fortunate."

The innuendo is that defendant meant that Riley felt that plaintiff had committed the crime of larceny by false representations, for which he should be sent to state prison as a thief, and that the defendant concurred in that view, and that the plaintiff, should the various terms of settlement be accepted, would be most fortunate and lucky to be able to settle without being prosecuted for larceny. The first separate defense by way of a complete defense and justification for said letter details, at considerable length, a certain transaction between plaintiff and his wife and Riley and the defendant. For a second separate defense the answer sets up a general release under seal. Plaintiff demurred to the first and second separate defenses upon the ground that thy were insufficient in law upon the face thereof, and from the order overruling said demurrers appeals.

[1] The demurrer to the first separate defense stated as a complete defense was improperly overruled. If the facts alleged had been stated as a partial defense, or in mitigation of damages, it would have been good. But, if the statements in the letter are taken, as charged by the innuendo, as alleging the criminal offense of obtaining money by false representations, for which plaintiff should be convicted and sent to jail, or, as a civil offense which would support an action for deceit upon false representations, the facts set forth in the separate defense are insufficient as a complete defense. They do not meet the charge. The representations are promissory in their nature, hence insufficient to support either the criminal or the civil action. The justification is not as broad as the charge.

[2] The demurrer to the second defense was properly overruled. The general release, on its face, was sufficient in law. If such general release was intended to be confined to the transaction in regard to which the contract (Exhibit A attached to the answer) had to do, to wit, the purchase and sale of the stock and the repurchase thereof, and is not to be extended, notwithstanding the generality of its language, to a cause of action for libel which plaintiff at the time he executed did not know he had, as claimed by the appellant, this must be shown by way of reply, or by an equitable action to reform, limit, or set it aside. It is good enough upon its face to withstand demurrer.

The order appealed from should be modified by providing that the demurrer to the first separate defense should be sustained, and, as modified, affirmed, with $10 costs and disbursements to the defendant, with leave to the defendant to serve an amended answer within 20 days of the service of the order to be entered hereon, upon payment of $10 costs of motion. All concur.