(163 App. Div. 463)

### BLOCK v. NUSSBAUM.   (No. 6051.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

1. LIBEL AND SLANDER (§ 94*)—PLEADING—ANSWER—JUSTIFICATION.
    In an action for libel based on a letter written by defendant charging plaintiff with having obtained money by false representations, an answer which pleads facts showing that the money obtained by plaintiff by a sale of stock was obtained by fraudulent representations to the effect that plaintiff was engaged in the sale of the stock for the benefit of the corporation and not for himself, that the statements were false and known to be such when made and were intended to and did deceive de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant and another relying on them in purchasing stock, is good as against a demurrer.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 219–225; Dec. Dig. § 94.*]

2. PLEADING (§ 284*)—AMENDMENTS—ALLOWANCE.

Where the court on appeal sustained a demurrer to the answer with the privilege of serving an amended answer, defendant, who, pending the appeal, availed himself of the privilege of serving an amended answer, may serve a second amended answer and plaintiff may test its validity by demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 850; Dec. Dig. § 284.*]

3. PLEADING (§ 264*)—ANSWER—AMENDMENTS.

A second amended answer takes the place of the first amended answer, which takes the place of the original answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 803–805.; Dec. Dig. § 264.*]

Appeal from Special Term, New York County.

Action by Louis Block against Myer Nussbaum. From an order overruling the demurrer to the first separate defense and striking out a demurrer to the third separate defense, plaintiff appeals. Affirmed in part, and reversed in part and remitted to the trial court.

See, also, 160 App. Div. 678, 146 N. Y. Supp. 55.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles P. Robinson, of New York City, for appellant.

I. H. Zinovoy, of New York City, for respondent.

McLAUGHLIN, J.　Action against an attorney for an alleged libel contained in a letter sent by him, while acting as attorney for one Riley and himself, to an attorney representing the plaintiff.

The answer originally interposed admitted the authorship of the letter and the sending of the same to the attorney, who was, at that time, acting for plaintiff, and then set forth three separate defenses: (1) Justification; (2) a general release executed by plaintiff to defendant; and (3) privilege. The plaintiff demurred to all three defenses upon the ground that they were insufficient in law upon the face thereof. The court at Special Term overruled the demurrer as to the first and second defenses and sustained it as to the third. From the order overruling the demurrer as to the first and second defenses, the plaintiff appealed. No appeal was taken by defendant from the order sustaining the demurrer as to the third defense. Pending the appeal, however, the defendant availed himself of the privilege given to him of serving an amended answer, which was substantially the same as the one originally served. The time for plaintiff to reply, demur, or otherwise plead to the defenses expired on the 25th of January, 1914; but from the time the answer was served until the 23d of March, 1914, plaintiff took no further steps with reference to said third defense. This court, on the appeal taken, reversed the Special Term and sustained the demurrer to the first defense, but permitted the defendant to serve an amended answer. 160 App. Div. 678, 146 N. Y. Supp. 55.

After this decision was handed down, the defendant served a second amended answer, which with the exception of the first defense was substantially the same as the first amended one. Upon its receipt, plaintiff served a reply to the second defense and demurred to the first and third. The demurrer was returned by the attorney for defendant, with a notice that the time to serve a demurrer to the third defense had expired. Plaintiff then obtained an order to show cause why defendant's attorney should not be compelled to receive the demurrer. The plaintiff also made a motion to sustain the demurrer to the first and third defenses. Both motions were heard together and resulted in an order overruling the demurrer to the first defense and striking out the demurrer as to the third, and plaintiff appeals.

[1] I am of the opinion that the demurrer as to the first defense was properly overruled. The defects existing in the first separate defense in the answer originally served, and which were pointed out in the opinion of Mr. Justice Clarke on the former appeal, I think have been remedied by the insertion of other allegations. Facts are here pleaded which show that the money obtained by the sale of the stock was by reason of false and fraudulent representations, to the effect that plaintiff was engaged in the sale of the stock for the benefit of the corporation and not for himself; that such statements were false, and known to be such when made; and were intended to and did deceive the defendant and Riley, they relying upon them in making the purchase.

[2] I am also of the opinion that the court improperly struck out the demurrer as to the third defense. The defendant had a right to serve the second amended answer, because this court granted him that privilege, and the plaintiff could test its validity by demurrer just as he could the original one. Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949.

[3] The second amended answer took the place of the first, as the first did of the original. Lewis v. Pollack, 85 App. Div. 577, 83 N. Y. Supp. 287; Ullman v. Tanner, 127 App. Div. 808, 111 N. Y. Supp. 844.

So much of the order appealed from, therefore, as overruled the demurrer to the first defense, is affirmed, and that part of it which struck out the demurrer to the third defense is reversed, the motion denied, and the matter remitted to the Special Term to pass upon the demurrer, without costs to either party. All concur.