Joseph P. Muzzio and Anna Muzzio, His Wife, Respondents, v. George K. North and Others, Defendants. Mariner Harbor National Bank (Interpleaded), Appellant.— Judgment reversed upon the law and the facts, and a new trial granted upon proper pleadings, with costs to appellant. Defendant bank is not liable upon the bond of the former defendants North, to recover upon which this action was originally brought. Defendant bank claimed an interest in the fund, and by an order of interpleader the Norths were relieved from further liability upon payment into court, and defendant bank was brought in as a party defendant. Assuming payment by the Norths, but concerning which the record is silent, it was the proper practice for plaintiff to serve a supplemental complaint setting forth the substitution of the new defendant, the dismissal of the original defendants, the deposit of the amount claimed, and such other appropriate and additional facts as may be necessary to maintain the action, as, for example, that the substituted defendant makes claim to the money deposited. (Sayer v. Beirne, 78 App. Div. 491.) Disregarding this rule of practice, plaintiffs proceeded upon the original theory, ignored the payment into court by the Norths, and the money judgment from which the defendant appeals represents the original liability of defendants North, with interest and costs, and is clearly erroneous. In view of this decision the appeal from the order denying motion for resettlement is dismissed. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

Walter Modzelewski, Respondent, v. Beacon Falls Rubber Shoe Company, Appellant, and W. A. Lennon, Inc., Defendant.— Judgment reversed upon the law, with costs, and complaint dismissed, with costs. The facts show that the act of negligence did not occur " during the life of the permitted use." (Grant v. Knepper, 245 N. Y. 158.) In view of this decision the appeal from the order denying motion for a new trial is dismissed. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

Sarah Mur, Respondent, v. Elias Mur, Appellant.— Order granting motion for counsel fee and alimony pendente lite affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

The People of the State of New York, Respondent, v. Edward Jasper, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

The People of the State of New York, Respondent, v. David A. Kreindler, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

The People of the State of New York, Respondent, v. Charles Muller, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens, reversed upon the law and the facts, and new trial ordered. Defendant testified that he was ill and unconscious at the time the train that he was operating passed the danger signal. If so, there could not be a willful violation of his duty not to pass the signal. The trial court should have taken this into account as the determining feature in deciding whether there was a violation of the statute in question (Penal Law, § 1984, subd. 2). Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.