**BARON et al. v. BROWN et al.**

United States District Court
S. D. New York.

Feb. 24, 1949.

Jerome L. Greene, of New York City, for plaintiffs.

Jacob S. Spiro, of New York City, for defendants.

GODDARD, District Judge.

This is a motion to remand the above entitled action to the state court.

The action was instituted by the service of a summons and complaint upon the defendants on January 12, 1948. Thereafter the defendants served and filed their answer to the plaintiffs' complaint. The plaintiffs then moved for summary judgment which motion was denied. A note of issue was filed and the cause placed upon the state court calendar. The defendants then filed an amended answer setting up an affirmative defense and counterclaim. After the plaintiffs had moved for a bill of particulars of the counterclaim, they then moved for an order granting leave to file a supplemental complaint. The motion to

file a supplemental complaint was granted on consent of the defendants. This supplemental complaint was served on January 28, 1949. On January 31, 1949 petition for removal of the cause to this court was filed by the defendants.

The plaintiffs now contend that such petition for removal was not timely made and/or that the defendants by pleading a counterclaim to the original complaint in the state court waived the right to removal and submitted themselves to the jurisdiction of the state court under the provisions of the removal statute 28 U.S.C.A. §§ 1441, 1445–1447.

There is no doubt that had the parties rested their pleadings after the defendants had filed their amended answer containing a counterclaim the right to removal would be waived by the defendants. Merchants' Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488; Freeman v. Bee Machine Co., 319 U.S. 448, 453, 63 S.Ct. 1146, 87 L.Ed. 1509; Haney v. Wilcheck, D.C., 38 F.Supp. 345, 354 et seq.; Wheatley v. Martin, D.C., 62 F.Supp. 109.

The action as alleged in the original complaint was for specific performance of a contract for the purchase by defendants of certain stock at an agreed price. However, subsequent to defendants' filing their answer and counterclaim the plaintiffs sold the stock to others at a price less than that called for in the contract with the defendants. The position of the plaintiffs was that they could no longer request specific performance since they were unable to make delivery of the stock. Therefore they moved in the state court for leave to file a supplemental complaint requesting money damages for the defendants' alleged breach of contract. Upon being granted leave they filed such amended complaint and that presents the question as to the effect, if any, the service of the supplemental complaint had on the prior waiver by the defendants of their right to remove.

Supplemental pleadings under New York State Court practice are governed by Section 245 of the Civil Practice Act of New York which provides in part as follows:

"The party may apply for leave to make a supplemental pleading, either in addition to or in place of, the former pleading."

The plaintiffs' attorney in his moving affidavit for leave to file a supplemental complaint states in paragraph "6" thereof— "Plaintiff cannot proceed with the trial unless it is permitted to serve a supplemental complaint, * * * in the place and stead of their original complaint."

It therefore appears that insofar as the plaintiffs are concerned they have substituted the supplemental complaint for the original as though it were a new complaint.

New York courts have recognized that when such is the case the defendant has the right to proceed as he would have against the original complaint. Stearns v. Lichtenstein, 48 App.Div. 498, 62 N.Y.S. 949; Sayer v. Beirne, 78 App.Div. 491, 79 N.Y.S. 696; Bilder v. Ellis, 148 App.Div. 647, 133 N.Y.S. 425; Block v. Nussbaum, 163 App.Div. 463, 148 N.Y.S. 594. The Federal courts have held that where an amendment makes a substantially new complaint, the time to remove dates from the time of the service and filing of the amendment. Evans v. Dillingham, C.C., 43 F. 177.

Therefore, the filing of the petition to remove by the defendants some three days after the service of the supplemental complaint was timely.

The motion is accordingly denied. Settle order on notice.